# UNITED STATES COURT OF APPEALS

# FOR THE EIGHTH CIRCUIT


Calvin Hammock

      Pro Se

      Appellant

                      **APPEAL NO. 16-1301**


**vs.**


NASA HEADQUARTERS, DEPARTMENT
OF DEFENSE, SPACE EXPLORATION
TECHNOLOGIES SPACE X, APPLE,
BLACKBERRY CURVE CORP., VIRGIN
MOBILE, MEDIACOM MCC IOWA LLC,
AMERICAN WATER IOWA, ANY YET UN-
IDENTIFIED ENTITIES, PERSONS,
SATELLITES, GOVT AGENCIES, GOVT.
TECHNOLOGIES, INTERAGENCIES, FUSION
CENTER PARTICIPANT PARTNERS
CORPORATIONS, COMPANIES, SOFTWARE USED
BY AND WITH STATE ACTORS & TEMPORARY
STATE ACTORS

           Appellee

RECEIVED

MAR 1 6 2016

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

# CERTIFICATE OF SERVICE

I Calvin Hammock swear under the penalty of perjury that I placed APPEAL BRIEF 16-1301 in the U.S. Mail to be delivered to The UNITED STATES EIGHTH CIRCUIT COURT OF APPEALS on Monday March 14, 2016.

_____
Signature

Date: March 14, 2016

Notary Signature _____

JONI KAASA
Commission Number 743556
My Comm Exp. 10|20|18

2

# TABLE OF CONTENTS

Certificate of Service                           pg. 2

Table of Contents                                pg. 3, 3a,

Index of Authorities                             pg. 4, 5, 5a

Jurisdictional Statement                         pg. 6

Summary of the Case                              pg. 7-11

Statement of Issues                              pg. 12-19

Statement of the Facts                           pg. 20-23

Summary of the Arguments                         pg. 24-26

Arguments 1 - 6

   1.   DISTRICT COURT DOES NOT HAVE AUTHORITY
       TO OPERATE OUTSIDE THE FED.RULES CIV. PROC.
       OR THE CONSTITUTION                    pg.27-28

   2.   PLAINTIFF MET THE THRESHOLD OF FACTUAL
       ALLEGATION STANDARD IN IQBAL TWOMBLY
       WHEN PLAINTIFF PROVIDED PATENTS AND
       UNCALSSIFIED ELECTROMAGNETIC BATTLE
       MANAGEMENT DOCUMENT PER FEDERAL
       RULES OF EVIDENCE 301                  pg. 28-29

   3.   PLAINTIFF INJURIES HAVE BEEN STSTED TO BE
       CONTINUAL IN NATURE FROM THE DATE OF
       MAY 22, 2012 AND HIS COMPLAINT SHOULD
       NOT HAVE BEEN DISMISSED FOR STATUTE
       OF LIMITATIONS VIOLATION              pg. 29-30

   4.   NON GOVT DEFENDANTS BECOME STATE

ACTORS KNOWINGLY OR UNKNOWINGLY
WHEN THEIR PRODUCTS AND SERVICES
THROUGH THE ELECTROMAGNETIC
SPECTRUM ARE FULLY ACCESSED
AS A MILITARY MISSION STATEMENT
MANDATE TO ASSUME FULL ACCESS OF EMS     pg. 30-32

5.    DEFENDANT SPACE X MOTION TO DISMISS
SHOULD HAVE BEEN STRICKEN FROM THE
RECORD AND NOT ALLOWED TO HAVE BEEN
FILED IN VIOLATION OF FED. RULE OF CIV.PROC.
AND LOCAL JURISDICTIONAL RULES AND
PLAINTIFFS MOTION FOR DEFAULT SHOULD
HAVE BEEN GRANTED     pg 32-33

6.    PLAINTIFF SHOULD HAVE BEEN ALLOWED
14 DAY TIME TO RESPOND TO DEFENDANT
BALCKBERRY MOTION TO QUASH SERVICE
AND IOWA AMERICAN WATER MOTION
TO DISMISS     pg. 33-34


Standard of Review     pg. 35

Conclusion Statement of Relief Sought     pg. 36

Certificate of Compliance     pg. 37

# INDEX OF AUTHORITIES

| | |
|---|---|
| 18 USC § 2340 | pgs. 14, 15, 16, 17, 28, 30, 32 |
| 18 USC § 2340a | pgs. 14, 15, 17, 28, 30 |
| 28 USC § 1331 | pgs. 6 |
| 28 USC § 1343 | pg. 6 |
| 28 USC § 1346 (b)(1)(c) | pgs. 6, 15, 30 |
| 28 USC § 2401 (b) | pgs 6 |
| 28 USC § 2671 | pg. 6 |
| 28 USC § 2674 | pg. 6, 30 |
| 28 USC § 2675 | pg. 6, 15, 30 |
| 28 USC § 2680 | pg. 6 |
| 28 USC § 95 | pg. 6 |
| 28 USC § 1391 | pg. 6 |
| 28 USC § 1294 | pg. 6 |
| 28 USC § 2072 | pg.6 |
| 28 USC § 2074 | pg. 6 |
| 28 USC § 1291 | pg. 6 |
| 42 USC § 1985 | pg. 9 |
| 42 USC § 1983 | pg. 9 |
| First Amendment to the U.S. Constitution | pg. 12 |

# INDEX OF AUTHORITIES CONT.

Eighth Amendment to the U.S. Constitution                          pg. 35

Fourteenth Amendment to the U.S. Constitution              pgs. 12, 28, 33

Fed. Rule Civ. Proc. 8 (6)                                      pgs. 17, 33

Fed. Rule Civ. Proc. 8 (a)(2), (3), (d)(1), (e)              pgs. 13, 14, 29

Fed. Rule Civ. Proc. 12 (a)(1)(A)(i)                      pgs. 10, 17, 22, 33

Fed. Rule Civ. Proc. 12 (a)(2)(3)                          pgs 11, 12, 23, 27

Fed. Rule Civ. Proc. 55                                        pgs. 18, 33

Fed. Rules of Evidence 301                                 pgs. 10, 12, 14, 28

Local Federal Jurisdictional Rule 5.2 L 1.                   pgs. 18, 22, 33

Local Federal Jurisdictional Rule 7. e.                 pgs. 11, 18, 19, 22, 34

Ashcroft v Iqbal 556 US 662 (2009)                                 pgs 14

Bell Atlantic v Twombly  550 U.S. (2007)                           pgs 14

Dahl v. Kanawha Inv. Holding Co
161 FRD 673, 678  (U.S. Dist. Ct. N.D. Iowa)                      pg. 19

Dennis v Sparks  449 U.S. 24 (1980) 27, 28                       pg. 17

Griffin v Breckenridge 403 U.S. 88 (1971) 102, 103              pg.  17

Johnson v Arden (2010 8th Cir.) 614 F3d 785, 793              pgs. 18, 33

Johnson v City of Shelby 135 S.Ct. 346, 347              pgs 14, 29, 35

Midwestern Machinery Co v. Northwest Airlines Inc
392 F3rd 267, 270 (2004 8th Cir. )                          pgs 14, 15, 30

# INDEX OF AUTHORITIES CONT.

Saint Louis Glass et al,. v Wood River Glass
    ( 2015  8th Cir)  WL 7758376         pgs. 13, 14, 29


Wickersham v City of Columbia 481 F3d 591, 599
    (2007 8th Cir.)         pgs. 16, 17, 31

# JURISDICTIONAL STATEMENT

On October 16, 2015 claimant filed a Federal Complaint in The United States District Court For The Southern District of Iowa pursuant to jurisdictional statute 28 USC § 1331,  28 USC §  1343,  28 USC §  1346 (b),  28 USC §  2401(b),  28 USC § 2671,  28 USC § 2674,  28 USC § 2675,  28 USC § 2680,  and the District Court had statutory authority to hear Plaintiffs complaint  for State and Federal Constitutional violations of Plaintiff's person and property as well as Statutory Violations of Plaintiff's person and property pursuant to 28 USC § 95,  28 USC § 1391.

On January 13, 2016 a Judgement was entered against Plaintiff in the District Court Dismissing Plaintiffs Complaint and ordering Moot all pending Motions including the United States Motion for extension of time to respond to Plaintiffs complaint. Plaintiff filed a Notice of Appeal on 1/22/16 and received Notice from the Eighth Circuit Court of Appeal to file Appeal Brief by 3/16/16. Plaintiff now files this Appeal Brief to the Eighth Circuit Court of Appeals pursuant to jurisdictional statute 28 USC § 1291, 28 USC § 1294,  28 USC § 2072,  28 USC §  2074 and any other statute not known by Pro se Plaintiff that would allow appeal to be brought to the Circuit Court for review.

# APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA DISTRICT COURT CASE NO. 3:15-cv-00111-JAJ-CFB

---

## APPEAL BRIEF

---

## SUMMARY OF THE CASE

---

Plaintiff Appellant filed a federal complaint on October 16, 2015 against NASA, United States Department of Defense, Space Exploration Technologies, Apple (MacBook Pro laptop), Blackberry Corporation(cellular phone), Virgin Mobile (wireless cellular network), Mediacom (wifi network), Iowa American Water (wireless smart meter network) and Yet Unidentified Entities, Persons, Satellites, Govt

Technologies, Inter-Agencies, Fusion Center Participant Partners Corporations, Companies, Software Used By and With State Actors and Temporary State Actors. Plaintiff Appellant filed an amendment to complaint and exhibits on October 26, 2015 and the District Court Order that the amendment and exhibits be "stricken" because it did not comply with Federal Local Jurisdictional Rules.

Plaintiff Appellant complained by letter in July of 2013 to the Presidential Commission for the study of bioethical issues for being assaulted through the electromagnetic spectrum at the address of 1911 Valley Drive Davenport, Iowa, as stated in complaint. In February 2014 Plaintiff filed a STANDARD FORM 95 Claim to NASA and Department of Defense plainly stating the torture assaults through the electromagnetic spectrum that took place and continued to take place against Plaintiff, Plaintiffs place of dwelling, and possibly Plaintiff's family within the dwelling Plaintiff at the time lived in as also stated in Plaintiffs complaint On Claim Form 95. Plaintiff had not moved to his current address at 5106 Brown Street Davenport, Iowa where the electromagnetic spectrum torture attacks continue to a lesser degree than at 1911 Valley Drive.

Plaintiff sent a letter and copy of STANDARD 95 Claim to National Security Agency office of Inspector General, Office of Chief Counsel William

Sikora at NASA Glenn Research Center, Department of Homeland Security Compliance Branch, on May 1, 2014 stating the assaults plaintiff was experiencing through the electromagnetic spectrum. On May 12, 2014 Department of Homeland Security was the only government agency prior to Plaintiff's Federal Complaint to respond to date, to plaintiffs letter and STANDARD FORM 95 claim. Department of Homeland Security stated in letter to Plaintiff it did not have jurisdiction over Plaintiffs concern, (see Complaint). These events with no adjudication precipitated Plaintiffs filing of a Federal Complaint in the United States District Court for The Southern District of Iowa on October 16, 2015 about being tortured and assaulted through the electromagnetic spectrum in violation of federal torture, assaults, civil rights statutes, and constitutional amendments continuously from the day of May 22, 2012 the moment of the NASA Space X Technology collaborated Dragon Engine Liftoff on a continual basis to date with different degrees of assaults through the electromagnetic spectrum.

Defendants APPLE inc. on 12/8/15, Defendants Virgin Mobile on 12/8/15, Defendants Mediacom d/b/a MCC IOWA LLC on 12/10/15, submitted motions to dismiss Plaintiffs complaint on the grounds of the 2 year statute of limitations had been exceeded, corporations not being held to constitutional liability under 42 USC section 1985 and 1983, Plaintiff not

9

reaching the plausibility threshold of factual allegations as stated in the Twombly and Iqbal test, even though Plaintiff provided an unclassified Military ELECTROMAGNETIC BATTLE MANAGEMENT Document in a Brief Resisting Defendants Virgin Mobile, Apple, and Mediacom motion to dismiss( see district court document 25 filed 12/21/15), from the Joint Electronic Warfare Center by Major Jay Yniguez under the Federal Rules of Evidence 301 where the U.S. military states in the document "WE ASSUME FULL EMS ACCESS" ( EMS being the electromagnetic spectrum). However Defendants still maintained that Plaintiff being assaulted through the electromagnetic spectrum within which defendant products and services operate are allegations that are delusional and fantastical. The District Court granted these motions to dismiss on 1/13/16.

Defendant Space X pro se filing of motion to dismiss was submitted to the District Court on 12/17/15 after Plaintiff filed a motion for default judgement and brief in support of, on 12/10/15 against SPACE Exploration Technologies when SPACE X did not provide a responsive pleading to Plaintiff's complaint within the 21 days as mandated in Federal Rules of Civil Procedure 12(a)(1)(A)(i). The District Court granted Space Exploration Technologies pro se filing of motion to dismiss and Plaintiffs Motion for Default filing was ordered moot.

Defendant Blackberry submitted a motion to quash service on 1/06/16 after Plaintiff filed on 12/21/15 a motion for default judgement and brief in support of, against Blackberry Corporation when Blackberry did not provide a responsive pleading to Plaintiffs complaint within 21 days as mandated by the Federal Rules of Civil Procedure. Blackberry provided what Plaintiff contends is a sham affidavit in support of motion to quash service to avoid Plaintiffs motion for default judgement. Plaintiff was not afforded in Federal Jurisdictional Local Rule 7 e., 14 day time threshold to provide a response with the Process Servers affidavit to rebut Blackberrys Motion to Quash service as the District Court dismissed Plaintiff's complaint.

Assistant U.S. Attorney for defendant NASA and Department of Defense filed a motion for extension on January 12, 2016 to respond to plaintiffs Federal Complaint as defendant United States agencies were approaching the 60 day threshold to respond to Plaintiffs complaint as mandated by Federal Rules of Civil Procedure 12 (a) (2) (3), on January 13, 2016 the next day the District Court Ordered that all motions pending, including the Asst U.S. Attorney's Motion for Extension of time to file a responsive pleading was MOOT. NOW COMES PLAINTIFFS APPEAL BRIEF.

# STATEMENT OF ISSUES

**ISSUE #1**

The District Court abused its discretion by rendering MOOT the United States 'motion for extension of time' (Dkt. 48 filed 1/12/15) to file a responsive pleading to Plaintiffs filed complaint against the United States Government and its agencies as mandated by Fed. R. Civ. Proc. 12 (a)(2)(3), the First Amendment to the United States Constitution right to petition government for redress and the Fourteenth Amendment to the United States Constitution due process and equal protection clause.

Federal Rules of Civil Procedure 12 (a)(2)(3)
First amendment to The United States Constitution
Fourteenth Amendment to The United States Constitution

**ISSUE #2**

The District Court abused its discretion by dismissing Plaintiffs complaint under the Iqbal Twombly test and failing to state a claim when Plaintiff submitted evidence (Dkt 25, pages 16 - 20 filed 12/21/15) under the Federal Rules of Evidence 301, unclassified military document from the United States Strategic Command by Major Jay Yniguez admitting engagement through the Electromagnetic Spectrum within which

commercial corporate defendants products and services operate, and the statement and illustration (Dkt 25 page 17 of 20) by the Joint Electronic Warfare Center Future Capabilities Division states **'We assume full EMS access'.** Plaintiff also submitted United States Patent numbers 6011991 and Patent 6506148 (Dkt 1-1 pages 2 of 45, and pages 3 of 45). The District Court could have made referrals to establish the truth of Plaintiffs allegation and the veracity of the Patents and Unclassified Military document Plaintiff submitted. The District Court abused its discretion by not establishing the truth of Plaintiffs allegation by the evidence or investigate any other matter which on its evidentiary face establishes Plaintiffs claim upon which relief can be granted, see Legal Standard in Saint Louis Glass and Allied Industries Health et al., v Wood River Glass (2015  8th Circuit WL 7758376). Plaintiffs presentation of Patents and Unclassified documentary evidence that the District Court could have simply made referrals and investigated would have allowed Plaintiff to survive the Iqbal Twombly test.   Federal pleading rules call " for a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. Rule Civ. Proc. 8 (a) (2), (3), (d) (1), (e)  they do not countenance dismissal of a complaint for imperfect statement of legal

*13*

theory supporting the claim asserted, Johnson v City of Shelby 135 S. Ct

346 (2014), 347.

St Louis Glass et al., v Wood River Glass ( 2015  8th Cir. WL 7758376)
Ashcroft v. Iqbal 556 U.S. 662 (2009)
Bell Atlantic v. Twombly 550 U.S. 544 (2007)
Fed. Rules of Evidence 301
Fed. Rule Civ. Proc. 8 (a)(2)(3), (d)(1), (e)
Johnson v City of Shelby 135 S. Ct 346 (2014), 347.


## ISSUE #3

The District Court abused its discretion stating in its ORDER to dismiss

Plaintiffs complaint (Dkt. 49 filed 1/13/16), Plaintiff has violated the statute

of limitations. The District Court and Defendants are solely using the date

of May 22, 2012 and do not reference that Plaintiff has stated emphatically

his injuries and Torture through the electromagnetic spectrum have been

continual in nature in violation of Federal Torture Statute 18 USC § § 2340,

2340a. Plaintiff specifically stated throughout the complaint the beginning

of the assaults through the electromagnetic spectrum took place on May 22,

2012 but have continued as stated on Federal Claim 95 form (see Dkt 1-1

12 - 17 of 45 with specific attention paid to the date and day of accident and

pg 15 of 45 where Plaintiff states. 'injuries I have suffered have been

continual in nature' ).  Midwestern Machinery Co v. Northwest Airlines

Inc. 392  F3d.265 at 270 (2004 8th Cir.) 'applying the continual violation

theory of new overt acts'. District Court makes no reference to the Federal

Claim 95 form that Plaintiff filed ( see Dkt. 1-1 filed 10/16/15 pages 10-17 of

45 ), under 28 USC § 2675 which is the prerequisite to filing a Federal

Complaint in the Federal District court under 28 USC § 1346 (b)(1), (c).

Midwestern Machinery Co. v. Northwest Airline Inc. 392 F3d 265, 270
18 USC § § 2340, 2340a
28 USC § 1346 (b) (1), (c)
28 USC § 2675


**ISSUE #4**

   District Court abused it's discretion stating Plaintiff failed to show that

non government defendant are 'state actors' , when Plaintiff showed Space

X is not just in a contractual agreement with the United States NASA but

'State Actor" NASA acted Jointly and Intentionally with Commercial

Partners to develop commercial capabilities in efforts to launch spacecraft

as shown in (see Dkt. 1-1 pgs. 41, 42, 43 of 45 Inspector Generals report

13-016).

The other private Defendants whose products and services operate within

the electromagnetic spectrum have in effect become temporary state actors

knowingly or unknowingly with the United States Military as shown in the

"Electronic Battle Management Document" by Major Jay Yniguez in its

illustrative statement "WE ASSUME FULL EMS ACCESS," (see Dkt 25,

*15*

pages 16-20 with specific attention paid to page 17 of 20). " When a private entity has acted jointly and intentionally with a state actor pursuant to a customary plan it is proper to hold that entity accountable for the actions which it helped bring about. "Wickersham v. City of Columbia 481 F3d 591, 599 (2007 8th Circuit). Defendant products and services signals through wifi networks, cellular signals perform physical signal searches within Plaintiffs dwelling through the electromagnetic spectrum. Technological ability to heterodyne (piggyback) these signals within the electromagnetic spectrum is what has lead to Plaintiffs injuries. See Patent 6506148 (Dkt 1-1 page 3 of 45) which is titled "NERVOUS SYSTEM MANIPULATION BY ELECTROMAGNETIC FIELDS FROM MONITORS". The title in itself admits a TORTURE Statutory Violation 18 USC 2340 "(2) "severe mental pain or suffering" means the prolonged mental harm caused by or resulting from—

**(A)** the intentional infliction or threatened infliction of severe physical pain or suffering;
**(B)** the administration or application, or threatened administration or application, of mind-altering substances or other procedures calculated to disrupt profoundly the senses or the personality;
**(C)** the threat of imminent death; or
**(D)** the threat that another person will imminently be subjected to death, severe physical pain or suffering, or the administration or application of mind-altering substances or other procedures calculated to disrupt profoundly the senses or personality;

Defendants products and services are operating within the

Electromagnetic Spectrum and it is unreasonable to believe that

Defendants do not know they are operating jointly and intentionally within

the electromagnetic spectrum where the United States Military Assumes

FULL EMS ACESSS. If Defendants do not know or known then they should

Know and have known particularly where prolonged injuries are occurring

to those targeted to manipulate the persons nervous system.

Wickersham v. City of Columbia 481 F3d 591, (2007 8th Cir. ), at 599
Dennis v. Sparks 449 U.S. 24 (1980) at 27, 28
Griffin v Breckenridge 403 U.S. 88 ( 1971) at 102, 103
18 USC § § 2340, 2340a

## ISSUE #5

The District Court abused its discretion by allowing Space X to file a

Motion to Dismiss outside the Federal Rules of Procedure and Local

Jurisdictional Rule after the time tolled to file such Motion to Dismiss (see

Dkt. 21 filed 12/17/15 ), in response to Plaintiffs Motion and Brief  for

Default Judgment against Space X (see Dkt. 18 and 20 filed 12/10/15).   The

effect of Space Exploration Technologies failing to deny Plaintiffs allegation

within the 21 days after Space X received Plaintiffs Summons and

Complaint under Fed. Rule Civ. Proc. 12 a (1)(A)(i) mandate that Plaintiffs

allegation against Space X are admitted as Federal Rule of Civ. Proc. 8 (6)

states, "Effect of Failing to Deny an allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided." Plaintiff filed a Motion For Default in compliance with Fed. Rule of Civ. Proc. 55 after Space X failed to respond to Plaintiffs complaint within 21 days. The District Court Granted Space X Motion to Dismiss and Ordered Moot Plaintiffs Motion and Brief for Default Judgement against Space X. District Court erred by allowing Space Exploration Technologies to violate Federal Local Jurisdictional Rule for the Southern District of Iowa 5. 2 L Technical Failures at 1. Jurisdictional Filing Deadlines.

St Louis Glass et al., v Wood River Glass ( 2015  8th Cir. WL 7758376)
Fed. Rule Civ. Proc. 12 (a) (1) (A) (i)
Fed. Rule Civ. Proc. 8 (6)
Fed. Rule Civ. Proc. 55
Local Rule 5. 2 L. 1
Johnson v. Arden (2010 8th Cir.) 614 F3d 785 at 793

**ISSUE #6**

District Court abused its discretion and erred by not allowing Plaintiff the 14 days as mandated by local jurisdictional rule L.R 7. e.  to file a resistance brief to Defendant Blackberry motion to quash service of process filed with the District Court  see (Dkt. 45  filed  on 1/06/16). District Court dismissed Plaintiffs complaint (see Dkt 49 filed on 1/13/16),  7 days after

Defendant Blackberry's filing. District court abused its discretion by not allowing Plaintiff to file a resistance to Defendants Blackberry Motion to Quash service with an Affidavit by The Process Server who rebuts Defendant Blackberry's claim of not receiving service of process. District Court abused its discretion and erred again by not allowing Plaintiff to file a Resistance pleading to Iowa American Waters Motion to Dismiss (Dkt. 46), filed on 1/11/16. District Court dismissed Plaintiff's Complaint was dismissed outside the Federal Rules of Civil Procedure and Constitutional Authority.

Dahl v. Kanawha Inv. Holding Co. 161 F.R.D. 673 (U.S. District Court N.D. Iowa) page 678
Federal Jurisdictional Local Rule 7 e.

# STATEMENT OF THE FACTS

At the Gist of Plaintiffs complaint is Plaintiff alleges he was and is being assaulted and harassed through the electromagnetic spectrum within which defendants product and services operate as well as military technology operates.

Plaintiff's first complaint to a government agency dealing with these torture tactics to Plaintiff through the electromagnetic spectrum was to the Presidential Commission For The Study of Bioethical Issues on July 7, 2013 (see Hammock v NASA et. al, District Court Document 1-1 filed 10/16/15 pgs. 5, 6, 7, 8, of 45) (pg. 9 of 45 of Document 1-1 shows the certified mail receipt and the signature of the recipient to The Presidential Commission of Bio Ethical Issues). Plaintiff did not receive any response so Plaintiff filed a Claim 95 Form to NASA and Department of Defense ( see District Court Document 1-1 pgs. 12, 13, 14, 15, 16, 17, of 45). After not receiving any responses to filed Claim 95 form, Plaintiff on May 1, 2014 sent copies of filed Claim 95 form and letter to Presidential Commission of Bioethical Issues to National Security Agency Central Security Service Office of Inspector General, NASA Glenn Research Center office of chief counsel William Sikora, and the Department of Homeland Security Compliance

Branch, ( see District Court Document 1-1 pgs. 27, 28, 29 of 45 ), to date Homeland Security has been the only govt agency to respond ( see District Court Document 1-1 pgs. 26 of 45 ). Plaintiff subsequently filed on October 16, 2015 Federal Complaint to The United States District Court in The Southern District of Iowa.

Plaintiffs complaint alleges Defendants Apple Mac Book Pro (laptop), Mediacom wifi network services, Blackberry Curve cellphone, Virgin Mobile cellular network, are products and services that operate within and through the electromagnetic spectrum and Plaintiff allegation are he has been harmed on a continuous basis through the electromagnetic spectrum within which these defendant products and services operate. NASA and SPACE EXPLORATION TECHNOLOGIES agreements create a nexus of private corp. interacting with a govt agency on a more than contractual basis. Plaintiff has claimed injuries occurred & continued to occur against Plaintiffs person through the electromagnetic spectrum.

Plaintiff filed an amendment & exhibits to the Complaint on October 26, 2015 and the District Court stated Plaintiff did not comply with the local jurisdictional rules, the District Court ORDERED that it be 'striken' from record, (Dkt. 6).

Plaintiff filed Motion for Default & Brief against Space X on December 10, 2015 (Dkt. 18 & 20), Defendant Space X didn't file responsive pleading in the District Court to Plaintiff's complaint in compliance with Fed. Rule Civ. Proc. 12 (a) (1) (A) (1) within 21 days after being served summons & complaint. District Court did not strike Defendant Space X Motion to Dismiss from record and allowed it to proceed outside the Fed. Rules of Civ. Proc. and Local Rule 5.2 l.

Plaintiff filed a Motion For Default & Brief against Defendant Blackberry ( Dkt. 26, filed 12/21/15 ), for not filing responsive pleading to Plaintiffs summons & complaint within 21 days per Fed. Rule Civ. Proc 12 (a) (1) (A) (1). Defendant Blackberry filed a Motion to Quash Service on January 6, 2016 (Dkt. 45 ). District Court dismissed Plaintiff's complaint on January 13, 2016 before the 14 day Local Rule **( L. R. 7 e. )** tolling, not allowing Plaintiff to file a Resistance with Affidavit from Process Server refuting Defendant Blackberrys claim to Quash Service.

Defendant Iowa American Water filed a Motion to Dismiss Plaintiff's complaint on 1/11/16 (Dkt. 46), the District Court granted the Defendants Motion to Dismiss on 1/13/16 (Dkt 49). Plaintiff was not allowed to file resistance to Def. Iowa American Waters Motion to Dismiss as mandated by Local Rule 7 e.

The United States and its Agencies NASA and Department of Defense were to respond to Plaintiffs summons and complaint in accordance with Fed. Rule Civ. Proc. 12 (a) (2) within 60 days. The United States filed for a Motion of Extension of Time to respond to Plaintiffs summons & complaint on 1/12/16 (Dkt 48). The District Court rendered the United States Motion MOOT as well as the Plaintiffs Motion for Default in its ORDER 1/13/16 ( Dkt 49 ).

Plaintiff submitted unclassified document under the Fed. Rules of Evid. 301 by Major Jay Yniguez " ELECTROMAGNETIC BATTLE MANAGEMENT DOCUMENT ." (Dkt. 25 filed 12/21/15, pages 16, 17, 18, 19, and 20 of 20 ), with special attention paid to pg 17 of 20, at the bottom of the page is a statement "We assume full ems access," with an illustration showing what the EMS space is. These are the spaces within which Defendant products and services operate and the electromagnetic battle management document from the Joint Electronic Warfare Center admittedly assumes full access of this space.

In most all of the commercial Defendants Motions to Dismiss Plaintiff's complaint, they have stated that Plaintiff is delusional fantastical and somehow has imagined all of assaultive injuries through the electromagnetic spectrum against his person, and place of dwelling.

23

# SUMMARY OF THE ARGUMENTS

**1.** District Court operated outside of Fed. Rules Civ. Proc. and United States Constitutional authority by not allowing the United States and its Agencies to file a responsive pleading to Plaintiffs complaint.

**2.** District Court erred in not investigating and or making referrals to the veracity of the patents and unclassified documentation Plaintiff submitted to the court in accordance with Federal Rules to determine if it is indeed possible for a person to be attacked through the electromagnetic spectrum within which commercial Defendants products and services operate. Particularly when unclassified military documentation states "We assume full EMS access," and the United States and its agencies NASA and Department of Defense had yet to provide a responsive Pleading to Plaintiffs complaint.

**3.** District Court erred in its ORDER to dismiss Plaintiff's complaint stating, Plaintiff violated the statute of limitations when Plaintiff clearly stated on the Federal Claim 95 form, in the complaint, and responsive pleadings to defendants pleadings that the injury has been continual from the initial date of its beginnings.

4. District Court erred in in its ORDER dismissing Plaintiffs complaint stating Plaintiff failed to show Defendant Private Actors should be held as state actors when Plaintiff showed the joint activities taking place in the Electromagnetic Spectrum with attention paid to the unclassified Military Document stating "WE ASSUME FULL EMS ACCESS". This ability to assume full access is part of methods to heterodyne **(piggyback)** signals and frequencies of commercial Defendant products and services within the electromagnetic spectrum. Space X and NASA as explained in the Inspector generals report is a State Actor engaged jointly and intentionally with a private commercial partner.

5. District Court abused its discretion and erred allowing Space X to file a Motion to Dismiss outside the Federal Rules of Civil Procedure and Local Jurisdictional Rules after the time tolled to file such Motion to Dismiss, Particularly when Plaintiff was not allowed to file an amendment to Plaintiffs complaint as Plaintiffs amendment to the complaint was stricken from the record by the District Court. Plaintiff's Motion for Default judgement against Space X for filing a responsive pleading within 21 days was Ordered MOOT by the District Court. District Court should have allowed Plaintiffs Complaint to continue as Space X failure to respond admitted Plaintiffs allegation in the District Court record.

**6.** District Court abused its discretion and erred by not allowing Plaintiff the 14 days as mandated by local jurisdictional rule, Fed. Rule Civ. Proc. and Constitutional Authority to respond to Defendant Blackberrys Motion to Quash Service with Affidavit from the Process Server, and Defendant Iowa American Water Motion to Dismiss.

26

# ARGUMENTS 1-6

### ARGUMENT 1

### DISTRICT COURT DOES NOT HAVE AUTHORITY
### TO OPERATE OUTSIDE THE FEDERAL RULES
### OF CIVIL PROCEDURE OR THE CONSTITUTION

The District Court abused its discretion by prohibiting the United States and its agencies from filing a responsive pleading as mandated by Fed. Rules of Civ. Proc. 12 (a) (2) (3). The United States requested by Motion for Extension of time to answer Plaintiffs complaint (see Dkt. 48 filed 1/12/15). The District Court deprived the United States from filing a responsive Pleading to Plaintiffs complaint when it dismissed Plaintiffs complaint before the United States could respond to Plaintiffs allegations of being Tortured through the Electromagnetic spectrum. The District Court Dismissing Plaintiffs complaint of U.S. military having the technological capability to torture human targets as was and is done to Plaintiff with Directed Energy Weaponry through the electromagnetic spectrum violates Plaintiff's right to First Amendment of the United States Constitution to

redress govt for grievances and violates Plaintiff right to Due Process and the Equal Protection Clause of the Fourteenth Amendment as well as the Violative of the Torture Statute 18 USC § 2340, 2340 a.


## ARGUMENT 2

## PLAINTIFF MET THE THRESHOLD OF FACTUAL ALLEGATION STANDARD IN IQBAL TWOMBLY WHEN PLAINTIFF PROVIDED PATENTS AND UNCLASSIFIED ELECTROMAGNETIC BATTLE MANAGEMENT DOCUMENT PER FEDERAL RULES OF EVIDENCE 301


District Court ignored the factual evidence submitted by Plaintiff in accordance with Federal Rules of Evidence 301 Plaintiff submitted in the Complaint (Dkt 1-1 pages 2 of 45 and 3 of 45) and Unclassified Military Document by Major Jay Yniguez admitting engagement through the Electromagnetic Spectrum where that Division of the Military is to ASSUME FULL ACCESS OF THE EMS (Dkt. 25 pgs. 16-20 special attention paid to illustrations on pg. 17 of 20 filed 12/21/15). District Court abused its discretion by not establishing the truth of Plaintiffs allegation by the evidence or investigate the matter which on its evidentiary face

28

establishes Plaintiffs claim upon which relief can be granted, see Legal

Standard in St. Louis Glass & Allied Industries et al., v Wood River Glass

(2015 8th Cir. WL 7778376 ).   Plaintiff presentations of Patents and

Unclassified military documentary evidence allowed the District Court an

ability to simply make referrals and investigate the existence of such

technology to show the injuries Plaintiff explained in his complaint are not

only Plausible but the technological ability exists and is deployed in certain

circumstances and situations being done outside of statutory and

constitutional authority. as was done to Plaintiff.   Johnson v City of Shelby

135 S.Ct. 346 (2014)  at 347 state Federal Pleading Rules call " for a short

and Plain statement of the claim showing that the pleader is entitled to

relief," Fed. Rule Civ. Proc. 8 (a) (2) (3), (d) (1), (e) they do not countenance

dismissal of a complaint for imperfect statement of legal theory supporting

the claim asserted.

### ARGUMENT 3

### PLAINTIFF INJURIES HAVE BEEN STATED TO BE

### CONTINUAL IN NATURE FROM THE DATE OF

### MAY 22 2012 AND HIS COMPLAINT SHOULD

### NOT HAVE BEEN DISMISSED FOR

### STATUTE OF LIMITATIONS VIOLATION

District Court refused to acknowledge that Plaintiff stated on Federal Claim 95 Form and in the complaint in numerous numbered paragraphs of Complaint (Dkt 1 at #14, 15, 16,  pg 15 of 29;  #17, 18, 19 pg. 16 of 29;  # 20 page 17 of 29;  #23 page 18 of 29;  # 24page 19 of 29; # 28 page 21 of 29 and Dkt 1-1 pages 12-17 of 45) these tortures in violation of 18 USC § § 2340, 2340a through the electromagnetic spectrum were and have been continual in nature, although thus far to a lesser degree at Plaintiffs new Place of dwelling on Brown street.    Midwestern Machinery Co v. Northwest Airlines Inc. 392  F3d.265 at 270 (2004 8th Cir.) 'applying the continual violation theory of new overt acts'.  Plaintiff filed claim on Federal Claim form 95 and sent it to NASA and Department of Defense satisfying the statutory requirement as mandated in 28 USC § §2674,  2675, as well as 28 USC § 1346(b) (1), (c).

## ARGUMENT 4

## NON GOVERNMENT DEFENDANTS BECOME STATE ACTORS KNOWINGLY OR UNKNOWINGLY WHEN THEIR PRODUCTS AND SERVICES THROUGH THE ELECTROMAGNETIC SPECTRUM ARE FULLY ACCESSED AS A MILTARY MISSION MANDATE TO ASSUME FULL ACCESS OF EMS

The District Court erred in failing to recognize the 21st century interactive technological capability within the commercial private sector and military industrial complex sector to cause injury by stealth. The United States military mandate statement made in the Electromagnetic Battle Management Document by Major Jay Yniguez is to assume full EMS access (Dkt 25 page 16-20) The ability of this technological capability to heterodyne (piggyback) wifi, cellular, smart meter networks within the electromagnetic spectrum makes defendant commercial products and services within that spectrum a partner by 21st century proxy. If it was not for the many signals and magnetic fields generated from these products and services there could not be the ability with ease to heterodyne and have caused Plaintiff continuous injury. when a private entity has acted jointly and intentionally with a state actor pursuant to a customary plan it is proper to hold that entity accountable for the actions which it helped bring about. "Wickersham v. City of Columbia 481 F3d 591, 599 (2007 8th Circuit). Defendant products and services signals through wifi networks, cellular signals perform physical signal searches within Plaintiffs dwelling through the electromagnetic spectrum. Technological ability to heterodyne (piggyback) these signals within the electromagnetic spectrum is what has lead to Plaintiffs injuries. See Patent 6506148 (Dkt 1-1 page 3 of 45) which

is titled "NERVOUS SYSTEM MANIPULATION BY ELECTROMAGNETIC FIELDS FROM MONITORS". The title in itself admits a TORTURE Statutory Violation 18 USC 2340.

In relation to Defendant NASA District Court abused it is discretion stating Plaintiff failed to show that non government defendant are 'state actors', when Plaintiff showed Space X is not just in a contractual agreement with the United States NASA but 'State Actor" NASA acted Jointly and Intentionally with Commercial Partners SPACE X to develop commercial capabilities in efforts to launch spacecraft as shown (see Dkt. 1-1 pgs. 41, 42, 43 of 45 Inspector Generals report 13-016).

## ARGUMENT 5

### DEFENDANT SPACE X MOTION TO DISMISS SHOULD HAVE BEEN STRICKEN FROM THE RECORD AND NOT ALLOWED TO HAVE BEEN FILED IN VIOLATON OF FED. RULE CIV.PROC AND LOCAL JURISDICTIONAL RULES AND PLAINTIFFS MOTION FOR DEFAULT SHOULD HAVE BEEN GRANTED

32

District Court abused its discretion by allowing Space X to file a Motion to dismiss outside the Fed. Rules Civ. Proc. 12 (a)(1)(A)(i) and Local Jurisdictional rule 5.2. l. 1. after Plaintiff filed a Motion for Default Judgement in accordance with Fed. Rule Civ. Proc Rule 55. Space X failing to deny allegations in Plaintiffs complaint within the 21 days as mandated by Fed. Rule of Civ. Proc. mandates per Fed. Rule Civ. Proc 8(6) that Plaintiffs allegations against Space X be admitted.

See Johnson v Arden (2010 8th Cir.) 614 F3d 785 at 793 " The district court denied Johnson's Motion for additional time and struck it from the record. The district court subsequently granted Heinmans Motion to dismiss finding that Johnson did not respond in a timely manner."

 The District Court ORDERED that Plaintiff's Amendment to Complaint was stricken from the record cause it did not comply with the Local Jurisdictional rule ( see Dkt. 6 filed 12/03/15 ),  showing District Court allowing Commercial Professional Defendants to circumvent the Rules of the Court but not Pro Se Plaintiff violating Plaintiff's United States Constitutional Fourteenth Amendment Due Process and Equal Protection Clause.


## ARGUMENT 6

## PLAINTIFF SHOULD HAVE BEEN ALLOWED

## THE 14 DAY TIME TO RESPOND TO DEFENDANT

# BLACKBERRY MOTION TO QUASH SERVICE

# AND IOWA AMERICAN WATER MOTION

# TO DISMISS

District Court did not comply with the Federal Local Jurisdictional rule L.R. 7. e. to allow Plaintiff the 14 days as mandated by the jurisdictional rules to file a resistance to Defendant Blackberry Motion to Quash Service of Process filed with the District Court ( see Dkt. 45 1/06/16). District Court erroneously granted defendant Blackberrys Motion to Quash as Plaintiffs Complaint was dismissed on 1/13/16 and Plaintiff was not afforded the tolling time to present to the court an Affidavit by the Process server to refute and resist Defendant Blackberrys Motion to Quash Service of Process. District Court also erred in granting Iowa American Water Motion to Dismiss filed on 1/11/16 without allowing Plaintiff the 14 days as mandate by Local Federal Jurisdictional L.R. 7 to file a Resistance to Iowa American Water Motion to Dismiss.

L.R. 7. e. "Resistance to Motions. Each party resisting a motion must, within 14 days after the motion is served, file a brief containing a statement of the grounds for resisting the motion and citations to the authorities upon which the resisting party relies."

# STANDARD OF REVIEW

Plaintiff has provided a prima facie case of evidence that can be verified outside of Plaintiffs allegations within United States own agencies. The willingness of the District Court not to grant the United States Motion for extension of time as well as an unwillingness to simply not investigate the technological capability through the electromagnetic spectrum that United States Military engages through Fully Accessing the electromagnetic spectrum within which Defendant products and services operate is to continue to deny and deprive Plaintiff of statutory and constitutional provisions of Due Process, Equal Protection, of the 14th Amendment as well as a right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment to The U.S. Constitution. This Courts review of the District Courts ruling is *'de novo'* as Plaintiff states the dismissal inappropriate and outside the Federal Rules of civil procedure.

Johnson v City of Shelby 135 S.Ct. 346 (2014) at 347 state Federal Pleading Rules call " for a short and Plain statement of the claim showing that the pleader is entitled to relief," Fed. Rule Civ. Proc. 8 (a) (2) (3), (d) (1), (e) they do not countenance dismissal of a complaint for imperfect statement of legal theory supporting the claim asserted.

Plaintiff has and is able to prove facts in support of his claim

# CONCLUSION STATEMENT OF RELEIF SOUGHT

Plaintiff seeks *'de novo'* review and requests this case be remanded back to the District Court for Deposition and Trial and that ALL defendants remain part of Plaintiffs Federal Complaint as Plaintiff has shown there exists genuine issues of material fact that Plaintiff has provided to the Court.

March 14, 2016
State of Iowa
County of Scott



JONI KAASA
Commission Number 743556
My Comm. Exp. 10/20/17

36

# CERTIFICATE OF COMPLIANCE

# WORD LIMIT

---

I Calvin Hammock filing Pro Se am in compliance with FRAP 28 e (2) (A)
(i) and this Appeal in totality contains 6,578 words including certificate of
certificate of service.

March 14, 2016
State of Iowa
County of Scott

Joni Kaasa



JONI KAASA
Commission Number 743556
My Comm. Exp. 10 20 16