Case No. 16-1301

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

CALVIN HAMMOCK
Appellant,

-v-

NASA HEADQUARTERS, DEPARTMENT OF DEFENSE, SPACE
EXPLORATION TECHNOLOGIES SPACEX, APPLE, BLACKBERRY CURVE
CORP., VIRGIN MOBILE, MEDICOM MCC IOWA LLC, AMERICAN
WATER IOWA, ANY YET UNIDENTIFIED ENTITIES, PERSONS,
SATELLITES, GOVT. AGENCIES, GOVT. TECHNOLOGIES, INTER
AGENCIES, FUSION CENTER PARTICIPANT PARTNERS
CORPORATIONS, COMPANIES, SOFTWARE USED BY AND WITH STATE
ACTORS AND TEMPORARY STATE ACTORS
Appellees.

On appeal from the United States District Court
for the Southern District of Iowa
Honorable John A. Jarvey

JOINT BRIEF OF DEFENDANT-APPELLEES APPLE INC., BLACKBERRY
CORPORATION, IOWA-AMERICAN WATER COMPANY, MCC IOWA, LLC
D/B/A MEDIACOM, AND SPACE EXPLORATION TECHNOLOGIES CORP.
(SPACEX)

SIMMONS PERRINE MOYER
BERGMAN PLC

Philip A. Burian
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
Telephone No.: 319-366-7641
Facsimile No.: 319-366-1917
pburian@simmonsperrine.com
ATTORNEY FOR APPLE INC.


FAEGRE BAKER DANELS LLP

Terri L. Combs
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309
Telephone No: 515-248-9000
Facsimile No: 515-248-9010
terri.combs@FaegreBD.com
ATTORNEY FOR MCC IOWA LLC
d/b/a MEDIACOM


PAPPAS DAVIDSON O'CONNOR &
FILDES, PC

Cameron A. Davidson
1617 Second Avenue, Suite 300
Rock Island, IL 61201
Telephone No: 309-788-7110
Facsimile No: 309-788-2773
cdavidson@pdoflegal.com
ATTORNEY FOR SPACE
EXPLORATION TECHNOLOGIES

WEINHARDT & LOGAN, PC

Todd M. Lantz
Mark E. Weinhardt
2600 Grant Avenue, Suite 450
Des Moines, IA 50312
Telephone No: 515-244-2100
Facsimile No: 515-288-0407
tlantz@weinhardtlogan.com
mweinhardt@weinhardtlogan.com
ATTORNEYS FOR BLACKBERRY
CORPORATION


SULLIVAN & WARD, PC

Amanda A. James
Dennis L. Puckett
6601 Westown Parkway, Suite 200
West Des Moines, IA 50266
Telephone No: 515-244-3500
Facsimile No: 515-244-3599
ajames@sullivan-ward.com
dpuckett@sullivan-ward.com
ATTORNEYS FOR IOWA -
AMERICAN WATER COMPANY

# SUMMARY OF THE CASE

Plaintiff-Appellant Calvin Hammock ("Mr. Hammock") filed a *pro se* suit against the Defendant-Appellees alleging that, on May 22, 2012, he was subjected to pain and other negative sensations caused by energy beams directed at him while watching events on his personal electronic devices. (*Dkt. No. 1, p. 14, ¶¶ 12-13*).[1] Mr. Hammock asserted that the Defendants were liable for his alleged injuries under 42 U.S.C. §§ 1983 and 1985. Various Defendants moved to dismiss the Complaint on multiple grounds. (*Dkt. Nos. 9, 11, 19, 21, 29, 30, 31, 38, 46*). The District Court dismissed the Complaint on the grounds asserted by the moving Defendants, to wit: "failure to state a claim upon which relief can be granted, violation of the statute of limitations, failure to demonstrate that non-government defendants are 'state actors' within the meaning of 42 U.S.C. § 1983, and lack of allegations concerning a discriminatory motive pursuant to 42 U.S.C. § 1985," and because the factual allegations were implausible on their face. (*Dkt. No. 49*). Mr. Hammock appeals that dismissal.

This matter is suitable for summary affirmance pursuant to Eighth Circuit Rule 47B. Should oral argument be granted, however, the Appellees filing this Brief request equal time in which to be heard.

---

[1] Record citations are to the District Court Docket rather than an Appendix pursuant to 8th Circuit Rule 30A(2).

Appellate Case: 16-1301    Page: 3    Date Filed: 04/18/2016 Entry ID: 4389483

## CORPORATE DISCLOSURE STATEMENT

Apple Inc.[2] has no parent corporations and there is no publicly held company that owns 10% or more of Apple Inc.'s stock.

BlackBerry Corporation[3] is a wholly owned subsidiary of BlackBerry Limited. Other than BlackBerry Limited, no publicly held corporation owns 10% or more of the stock of BlackBerry Corporation.

MCC Iowa, LLC's d/b/a Mediacom's[4] sole member is Mediacom Broadband LLC, which has as its sole member Mediacom Communications Corporation, a privately held company. Mediacom Communications Corporation is a fully owned subsidiary of JMCC Corporation, another privately held company. No publicly held company owns 10% or more of MCC Iowa, LLC's stock.

Space Exploration Technologies Corp. (SpaceX) has no parent corporation that owns 10% or more of SpaceX stock and there is no publicly held corporation that owns 10% or more of SpaceX stock.

Iowa-American Water Company is a wholly owned subsidiary of American Water Works Company, Inc., a publicly traded company which owns 10% or more of Iowa-American Water Company. The only entity with a direct connection to this litigation is Iowa-American Water Company. American Water Works

---

[2] Named in the Complaint as "Apple."
[3] Named in the Complaint as "BlackBerry (Curve) Corporation."
[4] Named in the Complaint as "Mediacom WIFI."

Appellate Case: 16-1301    Page: 4    Date Filed: 04/18/2016 Entry ID: 4389483

Company, Inc. has 100% stock ownership interest in Iowa-American Water Company.

## **TABLE CONTENTS**

SUMMARY OF THE CASE ........................................................................ i

CORPORATE DISCLOSURE STATEMENT ........................................ ii

TABLE OF CONTENTS ...................................................................... iii

TABLE OF AUTHORITIES ...................................................................v

JURISDICTIONAL STATEMENT ...................................................... ix

STATEMENT OF THE ISSUES ............................................................1

STATEMENT OF THE CASE ...............................................................2

SUMMARY OF ARGUMENT ..............................................................6

ARGUMENT .........................................................................................7

    I.    THE DISTRICT COURT CORRECTLY DISMISSED THE
        COMPLAINT FOR FAILURE TO STATE A CLAIM FOR WHICH
        RELIEF CAN BE GRANTED UNDER THE TWOMBLY TEST AND
        FOR LACK OF THE DISTRICT COURT'S SUBJECT MATTER
        JURISDICTION ..............................................................................7

        A. The Complaint Did Not State a Claim For Which Relief Can Be
           Granted ...................................................................................7

        B. The Complaint Failed To Invoke The District Court's Subject
           Matter Jurisdiction ...............................................................14

    II.   THE DISTRICT COURT PROPERLY DISMISSED THE COMPLAINT
        AS TIME-BARRED UNDER IOWA CODE § 614.1(2)..........................15

Appellate Case: 16-1301    Page: 5    Date Filed: 04/18/2016 Entry ID: 4389483

III.   THE DISTRICT COURT CORRECTLY FOUND THAT THE PRIVATE DEFENDANTS WERE NOT STATE ACTORS. ...................17

IV.   THE DISTRICT COURT PROPERLY GRANTED DEFENDANT SPACEX'S MOTION TO DISMISS WHILE A MOTION FOR DEFAULT JUDGMENT WAS PENDING ................................21

V.   THE DISTRICT COURT COMMITTED NO ERROR BY DISMISSING CLAIMS AGAINST IOWA-AMERICAN WATER COMPANY AND BLACKBERRY BEFORE THE EXPIRATION OF MR. HAMMOCK'S DEADLINE TO RESPOND TO MOTIONS BY THOSE PARTIES. .......24

CONCLUSION ....................................................................26

CERTIFICATE OF COMPLIANCE....................................28

CERTIFICATE OF VIRUS SCANNING, FILING AND SERVICE ...................29

Appellate Case: 16-1301   Page: 6   Date Filed: 04/18/2016 Entry ID: 4389483

# TABLE OF AUTHORITIES

## Cases

*Adickes v. Kress & Co.*, 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970) . 19

*Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980)................................................. 15

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)....................................................... 1, 2, 6, 9

*Baszak v. F.B.I.*, 816 F. Supp. 2d 66 (D.D.C. 2011) ............................................. 15

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955,
 167 L. Ed.2d 929 (2007)..................................................................... 1, 2, 6, 9

*Bickford v. U.S.*, 808 F. Supp. 2d 175 (D.D.C. 2011) .......................................... 15

*Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*,
 531 U.S. 288, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001) ............................ 19

*Brown v. Mortgage Elec. Registration Sys., Inc.*, 738 F.3d 926 (8th Cir. 2013). ... 7

*Carlson v. Roetzel & Andress*, 552 F.3d 648 (8th Cir. 2008)..................... 1, 11, 18

*Clements v. Chapman*, 189 F. App'x. 688 (10th Cir. 2006)................................. 15

*Crutcher-Sanchez v. Cty. of Dakota*, 687 F.3d 979 (8th Cir. 2012) ................. 1, 12

*Dennis v. Sparks*, 449 U.S. 24, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980).............. 19

*Federer v. Gephardt*, 363 F.3d 754 (8th Cir. 2004) ............................................. 12

*Forbes v. City of New York*, 2008 U.S. Dist. LEXIS 63021, *26-30, 2008 WL
 3539936 (S.D.N.Y. Aug. 12, 2008)............................................................ 20

*Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268 (2d Cir. 1999)...... 19

*Hagans v. Lavine,* 415 U.S. 528, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974) ...... 1, 13

Appellate Case: 16-1301    Page: 7    Date Filed: 04/18/2016 Entry ID: 4389483

*Hammock v. Jensen*, Case, No. 13-2165, 549 F. App'x. 600
    (8th Cir., Jan. 9, 2014) ................................................................. 3

*Higgins v. Dankiw*, No. 8:08CV15, 2008 WL 2565110
    (D. Neb. June 24, 2008)............................................................ 2, 22

*Jensen v. Henderson*, 315 F.3d 854, 862 (8th Cir. 2002) ...................................... 12

*Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781 (8th Cir. 1998) ................... 2, 21

*Kaylor v. Fields*, 661 F.2d 1177 (8th Cir. 1981) .................................................. 13

*Key Med. Supply, Inc. v. Burwell*, 764 F.3d 955 (8th Cir. 2014) ........................... 7

*Midwestern Machinery Co. v Northwest Airlines, Inc.*,
    392 F.3d 265 (8th Cir. 2004)........................................................1, 16

*Moldowan v. City of Warren*, 578 F.3d 351 (6th Cir. 2009) ............................... 15

*Newby v. Obama*, 681 F. Supp. 2d 53 (D.D.C. 2010) ........................................... 14

*Nicodemus v. Milwaukee Mut. Ins. Co.*, 612 N.W.2d 785 (Iowa 2000)............ 1, 15

*Powell v. Tordoff*, 911 F. Supp. 1184, 1189 (N.D. Iowa 1995) ........................ 1, 16

*Printed Media Servs., Inc. v Solna Web, Inc.*, 11 F.3d 838 (8th Cir. 1993)...... 2, 24

*Ritchie v. St. Louis Jewish Light*, 630 F.3d 713 (8th Cir. 2011)........................... 10

*Schmidt v. City of Bella Villa*, 557 F.3d 564 (8th Cir. 2009)............................ 1, 18

*Smithrud v. City of St. Paul*, 746 F.3d 391 (8th Cir. 2014) ............................... 2, 25

*Thompson v. Estate of Herron*, 612 N.W.2d 798 (Iowa 2000)............................. 16

*Tooley v. Napolitano*, 586 F.3d 1006 (D.C. Cir. 2009) ......................................... 14

*Varner v. Peterson Farms*, 371 F.3d 1011 (8th Cir. 2004) ................................... 16

*Wilson v. Garcia*, 471 US. 261, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985) .......... 15

vi

*Wickersham v. City of Columbia,* 481 F.3d 591 (8th Cir. 2007) ........................... 20

**Federal Statutes**

28 U.S.C. § 1291 ................................................................................. ix

28 U.S.C. § 1331 ................................................................................. ix

28 U.S.C. § 1343 ........................................................................ 10, 11, 15

28 U.S.C. § 1346 ................................................................................. ix

42 U.S.C. § 1983 ..................................... i, 1, 5, 6, 10, 11, 15, 17, 18, 19, 21

42 U.S.C. § 1985 ...................................... i, 5, 6, 10, 11, 13, 15

**State Statutes**

IOWA CODE § 614.1(2) ................................................................ 1, 7, 15

**Federal Rules of Civil Procedure**

FED. R. CIV. P. 1 .............................................................................. 2, 24

FED. R. CIV. P. 8(a)(2) ...................................................................... 9, 21

FED. R. CIV. P. 12(b)(1) ................................................................... 14, 22

FED. R. CIV. P. 12(b)(2) ................................................................... 22, 23

FED. R. CIV. P. 12(b)(6) ............................................................... 2, 22, 25

FED. R. CIV. P. 12(c) ....................................................................... 2, 24

FED. R. CIV. P. 12(h)(3) ......................................................................... 22

Appellate Case: 16-1301    Page: 9    Date Filed: 04/18/2016 Entry ID: 4389483

**USDC Southern District of Iowa Local Rules**

L.R. 7.e. ................................................................................................ 25

L.R. 15.................................................................................................. 22

**Secondary Sources**

*Wright, Miller, et al.*, 5B Federal Practice & Procedure § 1357 n. 4 (3d ed.)....... 25

Appellate Case: 16-1301    Page: 10    Date Filed: 04/18/2016 Entry ID: 4389483

# JURISDICTIONAL STATEMENT

The District Court's jurisdiction purportedly rested on 28 U.S.C. §§ 1331 and 1346 because the Complaint alleged violations of several federal statutes and named the United States (NASA and the Department of Defense) as defendants. (*Dkt No. 1*). Before the District Court, several of the parties to this Joint Brief (hereinafter the "Appellees") challenged whether the Complaint alleged facts sufficient to state a claim and to establish federal subject matter jurisdiction. The District Court dismissed the Complaint for "each of the reasons cited by defendants." (*Dkt Nos. 49 & 50*). Mr. Hammock appeals *pro se* from a final judgment that disposed of all parties' claims on January 13, 2016. (*Id.*) Mr. Hammock timely filed a notice of appeal on January 22, 2016. (*Dkt No. 51*). As such, this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

Appellate Case: 16-1301    Page: 11    Date Filed: 04/18/2016 Entry ID: 4389483

# <u>STATEMENT OF THE ISSUES PRESENTED FOR REVIEW</u>[5]

I.   WHETHER THE DISTRICT COURT ERRED BY DISMISSING THE
     COMPLAINT FOR FAILURE TO STATE A LEGAL CLAIM AND FOR
     LACK OF SUBJECT MATTER JURISDICTION.

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)

*Crutcher-Sanchez v. Cty. of Dakota*, 687 F.3d 979 (8th Cir. 2012)

*Hagans v. Lavine,* 415 U.S. 528 (1974)

II.  WHETHER THE DISTRICT COURT ERRED BY DISMISSING THE
     COMPLAINT DUE TO VIOLATION OF IOWA'S TWO-YEAR
     STATUTE OF LIMITATIONS FOR PERSONAL INJURY ACTIONS.

IOWA CODE § 614.1(2)

*Nicodemus v. Milwaukee Mut. Ins. Co.*, 612 N.W.2d 785 (Iowa 2000)

*Powell v. Tordoff,* 911 F. Supp. 1184 (N.D. Iowa 1995)

*Midwestern Machinery Co. v Northwest Airlines, Inc.*, 392 F.3d 265 (8th Cir.
2004)

III. WHETHER THE DISTRICT COURT ERRED BY DISMISSING THE
     COMPLAINT DUE TO FAILURE TO DEMONSTRATE THE
     APPELLEES ARE STATE ACTORS.

42 U.S.C. § 1983

*Schmidt v. City of Bella Villa*, 557 F.3d 564 (8th Cir. 2009)

*Carlson v. Roetzel & Andress*, 552 F.3d 648 (8th Cir. 2008)

---

[5] The first issue identified in Mr. Hammock's Brief will not be addressed in this
joint brief, as it concerns only the governmental defendants-appellees.

1

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009)

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)

IV. WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION IN GRANTING SPACEX'S MOTION TO DISMISS WHILE A MOTION FOR DEFAULT JUDGMENT WAS PENDING.

*Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781 (8th Cir. 1998)

*Higgins v. Dankiw*, 2008 WL 2565110 at *2 (D. Neb. 2008)

FED. R. CIV. P. 12(c)

*Printed Media Servs., Inc. v Solna Web, Inc.*, 11 F.3d 838 (8th Cir. 1993)

V. WHETHER THE DISTRICT COURT ERRED BY DISMISSING THE COMPLAINT BEFORE APPELLANT'S DEADLINE TO FILE RESISTANCES TO MOTIONS BY BLACKBERRY CORPORATION AND IOWA-AMERICAN WATER COMPANY.

FED. R. CIV. P. 1

FED. R. CIV. P. 12(b)(6)

*Smithrud v. City of St. Paul*, 746 F.3d 391 (8th Cir. 2014)

## STATEMENT OF THE CASE

In the Complaint, Mr. Hammock alleges that, on May 22, 2012, he was in the basement of his home watching the NASA Falcon Engine liftoff on his personal computer when he "felt the back of his cerebellum vibrate for 15-25 seconds as a pain sensation that [Mr. Hammock] has not felt since that exact pain sensation although there have been similar frequency sensations dealing with [Mr. Hammock's] head." (*Dkt. No. 1, p. 14, ¶¶ 12-13*). Since that vibration, Mr.

2

Hammock has allegedly "felt pain shocks to the body in the areas of anus, testicles, side of ribcage, heart vibrations, chest, and head as some form of microwave maser harassment" on various occasions. (*Dkt. No. 1, p. 15, ¶ 14*).

After May 22, 2012, Mr. Hammock allegedly was "subjected to microwave voice to skull hearing" while he engaged in legal research and writing in connection with a prior civil rights lawsuit[6] and he allegedly suffered from "microwave harassment voices" after he made comments on social media. (*Id.*). Indeed, Mr. Hammock claims he "has suffered daily since the NASA SpaceX liftoff by microwave voices that may be part of some artificial intelligence program and or real time person subjecting [him] to harassment and even forced images when [his] brain hz frequency is at rest." (*Dkt. No. 1, p. 18, ¶ 23*).

On September 7, 2012, Mr. Hammock allegedly experienced "extreme pain and discomfort" when he was "hit with some type of Directed Energy beam" while he watched the "Democratic Convention." (*Dkt. No. 1, p. 16, ¶ 18*). He further alleges that the "directed energy shocks" were intentionally targeted at him when he was "trying to get rest," thereby keeping Mr. Hammock "deprived of sleep." (*Dkt. No. 1, p. 16, ¶ 19*). Then, on November 3, 2012, while attending a re-election rally for President Obama, Mr. Hammock allegedly "felt a similar yet different radiated pulse hit the top of [his] skull cranium and seem [sic.] to pull an

_____

[6] *See Hammock v. Jensen*, Case No. 13-2165, 549 F. App'x. 600 (8th Cir., Jan. 9, 2014) (per curiam) (affirming judgment against Mr. Hammock).

3

elongated energy stream from [his] skull." (*Dkt. No. 1, p. 17, ¶ 20*). Mr. Hammock alleges that he "still receives microwave harassments and shocks," although the severity has diminished and the pain is not as intense as the time period of his previous lawsuit. (*Dkt. No. 1, p. 16, ¶ 28*).

On October 16, 2015, Mr. Hammock filed a *pro se* Complaint with Jury Demand, seeking an award of $100,000,000 in damages and injunctive relief arising from claimed personal injuries suffered due to the alleged manipulation of Appellant's nervous system and thought processes. (*Dkt. No. 1*). Mr. Hammock contends that the pain signals he received began on May 22, 2012, during the Falcon Engine liftoff broadcast by NASA and Space Exploration Technologies Corp. ("SpaceX"), a non-governmental entity. (*Dkt. No. 1, p. 22, ¶ 31*).

Mr. Hammock also blames several private companies that supplied products or services that he used while he allegedly suffered from nervous system manipulation and pain vibration signals. As relevant to the parties submitting this brief, Mr. Hammock faults the alleged manufacturers of his personal computer (Apple Inc. ("Apple")) and his cell phone (BlackBerry Corporation ("BlackBerry")) as well as the companies that allegedly supplied his internet service (MCC Iowa, LLC ("Mediacom")) and his water service (Iowa-American Water Company). (*Dkt. No. 1, pp. 14 & 22 ¶¶ 12, 32-33*). He contends that each of these companies violated a duty of care "not to send microwave voices and

4

shocks to [him] since the NASA SpaceX Falcon Engine Liftoff that harasses [him] continually to the present" (*Dkt. No. 1, p. 24 ¶ 34*) and therefore allegedly were liable under 42 U.S.C. §§ 1983 and 1985. (*Dkt. No. 1, pp. 4 & 6*).

On October 26, 2015, Mr. Hammock filed an "Amend to Complaint and Exhibits" (*Dkt. No. 3*), which was stricken by the District Court due to failure to comply with the applicable local rule. (*Dkt. No. 6*). As such, the operative pleading is the Complaint filed on October 16, 2015. (*Dkt. No. 1*).

Five of the Defendants—Apple, Mediacom, SpaceX, Iowa-American Water Company, and Virgin Mobile—filed Motions to Dismiss the Complaint pursuant to FED. R. CIV P. 12(b)(1) and 12(b)(6). The Defendants argued *inter alia* that the Complaint failed to allege a plausible legal claim and that Mr. Hammock's claims were untimely under Iowa's two-year statute of limitations for personal injury actions. (*Dkt. Nos. 9, 11, 19, 21, 46*). Mr. Hammock resisted the Motions to Dismiss and separately requested that the District Court enter a default judgment against SpaceX and BlackBerry. (*Dkt. Nos. 18, 20, 26*). BlackBerry filed a Motion to Quash Service of Process. (*Dkt. No. 45*).

On January 13, 2016, the District Court entered an order addressing all of the Defendants' pending motions, stating in part:

> The defendants move to dismiss for various reasons including failure to state a claim upon which relief can be granted, violation of the statute of limitations, failure to demonstrate that non-government defendants are "state actors" within the meaning of 42 U.S.C. § 1983,

5

and lack of allegations concerning a discriminatory motive pursuant [to] 42 U.S.C. § 1985. The court grants the motions to dismiss and to quash for each of the reasons cited by the defendants. At its core, this complaint fails to include sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The non-governmental entities sued in this matter are not state actors for purposes of 42 U.S.C. § 1983. The complaint was not filed within the statute of limitations.

(*Dkt. No. 49, 1/13/16 Order, p. 1-2*).   Accordingly, the District Court granted the Defendants' Motions to Dismiss and Motion to Quash Service of Process. (*Id.*). All other pending motions, including Appellant's Motions for Default Judgment, were denied as moot.  (*Id.*).  The District Court then entered Judgment in favor of the Defendants.  (*Dkt. No. 50*).   On January 22, 2016, Mr. Hammock filed a Notice of Appeal to this Court.  (*Dkt. No. 51*).

## <u>SUMMARY OF THE ARGUMENT</u>

Despite Mr. Hammock's contentions otherwise, the District Court properly dismissed Mr. Hammock's Complaint for failure to state a claim upon which relief can be granted and for failure to invoke the District Court's subject matter jurisdiction.  First, the Complaint does not allege facts that plausibly satisfy the elements of a civil rights claim under 42 U.S.C. §§ 1983 or 1985, namely, a conspiracy to intentionally violate Mr. Hammock's civil rights or action by the Appellees as state actors.  Second, the District Court's ruling was legally correct notwithstanding the exhibits relied upon by Mr. Hammock, which are factually

6

inapposite to Mr. Hammock's claims against the Appellees.  Third, the District

Court properly dismissed the Complaint on the basis that Mr. Hammock's claims

are barred by Iowa's two-year statute of limitations for personal injury claims,

IOWA CODE § 614.1(2).  Mr. Hammock's alleged injuries began with his

knowledge on May 22, 2012, but he did not file his Complaint until October 2015,

over three years after the deadline which was plainly late.  Fourth, the District

Court committed no error by dismissing Mr. Hammock's claims against the

Appellees, despite other pending motions and deadlines at the time of the dismissal

order.

## ARGUMENT

**I.**    **THE DISTRICT COURT CORRECTLY DISMISSED THE COMPLAINT FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER THE TWOMBLY TEST AND FOR LACK OF THE DISTRICT COURT'S SUBJECT MATTER JURISDICTION.**

This Court's standard of review on these issues is *de novo*.  *Key Med.*

*Supply, Inc. v. Burwell*, 764 F.3d 955, 961 (8th Cir. 2014); *Brown v. Mortgage*

*Elec. Registration Sys., Inc.*, 738 F.3d 926, 934 (8th Cir. 2013).

### a.  The Complaint Did Not State a Claim For Which Relief Can Be Granted.

Mr. Hammock asserts that "[t]he District Court abused its discretion by

dismissing Plaintiff[']s Complaint under the *Iqbal Twombly* test and failing to state

a claim when Plaintiff submitted evidence."  (Mr. Hammock's Appeal Brief,

7

3/16/16 ("Hammock Brief"), p. 12). Mr. Hammock contends the District Court erred in dismissing his claim because it did not "investigat[e] and or mak[e] referrals to the veracity of the patents and unclassified documentation Plaintiff submitted to the court in accordance with Federal Rules to determine if it is indeed possible for a person to be attacked through the electromagnetic spectrum within which commercial Defendants['] products and services operate." (*Id.* at p. 24 and pp. 28-29).

The specific evidence (the "patents and unclassified documentation") that Mr. Hammock alleges the District Court should have "investigate[d]" or "referr[ed]" to in order to confirm the plausibility of Mr. Hammock's claims are: 1) an "Unclassified Military Document by Major Jay Ynigues admitting engagement through the Electromagnetic Spectrum where that Division of the Military is to ASSUME FULL ACCESS OF THE EMS," and 2) United States Patents Nos. 6011991 and 6506148. (*Id.* at pp. 12-13, 28-29). It is Mr. Hammock's assertion that had the District Court investigated this evidence, this "would have allowed Plaintiff to survive the *Iqbal Twombly* test." (*Id.* at p. 13).

Contrary to Mr. Hammock's assertion, the District Court did not abuse its discretion by allegedly failing to investigate the evidence cited in Mr. Hammock's Complaint. This is because the District Court is not required to investigate a plaintiff's allegations beyond the Complaint to determine if a valid claim exists.

8

Rather, it is the plaintiff's burden to plead a "short and plain statement of the claim showing that the pleader is entitled to relief" with "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

Further, looking at the patents and presentation Mr. Hammock relies on in his appeal, the District Court was correct in finding that Mr. Hammock did not comply with the pleading requirements of *Iqbal* and *Twombly*.

First, the two United States patents Mr. Hammock claims establish "the truth of Plaintiff's allegation[s]" are entirely unrelated to the Appellees. These patents were neither invented by, nor assigned to, the Appellees. (*See Dkt. No. 1, p. 31-32*). In fact, there is no indication that the devices were actually constructed or actually work as asserted even in a laboratory setting. Thus, there is no basis for inferring how these patents establish that Mr. Hammock is entitled to relief from the Appellees.

Second, the presentation given by Major Jay Yniguez of the Joint Electronic Warfare Center is similarly unrelated to the Appellees. This presentation was not given by the Appellees and it does not reference the Appellees. (*See Dkt. No. 25, p. 16-20*). Put simply, there is no connection between this presentation and the Appellees. Additionally, Mr. Hammock did not cite to this presentation in, nor

9

attach it to, his Complaint. (*See Dkt. No. 1*). Rather, he attached it to his Brief Resisting Defendants Virgin Mobile, Apple and Mediacom's Motions to Dismiss. (*See Dkt. No. 25, p. 16-20*). Because this evidence was not part of Mr. Hammock's Complaint, the District Court was not required to review it to determine if Mr. Hammock asserted a facially plausible claim. *See Twombly*, 550 U.S. at 555 (noting that the factual allegations ***in the complaint*** must be sufficient to raise a right to relief above the speculation level); *Iqbal*, 556 U.S. at 679 (focusing on whether the "***well-pleaded facts***" permit the court to infer more than the mere possibility of misconduct) (emphasis added); *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011) (noting that "[t]o survive a motion to dismiss***, the factual allegations in a complaint***, assumed true, must suffice 'to state a claim to relief that is plausible on its face.'") (citation omitted) (emphasis added).

Importantly, even if Mr. Hammock were correct that the District Court was somehow required to investigate the evidence he cites on appeal, and he is not correct, this does not negate the defects in Mr. Hammock's Complaint which support the District Court's dismissal. Mr. Hammock alleged two causes of action against the Appellees: 1) deprivation of civil rights under 42 U.S.C. § 1983, and 2) deprivation of civil rights under 42 U.S.C. § 1985. (*Dkt. No. 1, p. 4* ("This is a civil rights action brought under 42 U.S.C. § 1983, 42 U.S.C. § 1985")); *see also p. 6* ("This civil rights action is brought under 42 USC § 1985, 42 USC § 1983, 28

10

USC § 1343.")).  However, both of these claims suffered from serious deficiencies that justified the District Court's finding that "[a]t its core, this complaint fails to include sufficient facts to state a claim for relief that is plausible on its face."  (*Dkt. No 49, p. 2*).

In order to plead adequately a cause of action under 42 U.S.C. §§ 1983 or 1985, a plaintiff must allege facts supporting a conspiracy.  With regard to § 1983, as addressed more thoroughly in Argument Section III below, the claimed deprivation must result from the action of a state actor.  *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008) ("To be liable under § 1983, the claimed deprivation must result from the exercise of a right or privilege having its source in state authority, and the party charged with the deprivation must be one appropriately characterized as [a] state actor.") (citation omitted).  But in order to establish that a non-governmental authority was acting as a "state actor" the plaintiff must assert "joint action or conspiracy with state authorities."  *Id.* at 651.

Similarly, in order to plead adequately a claim under Section 1985, the plaintiff must assert "(1) that the defendants conspired, (2) with the intent to deprive her of equal protection of the laws, or equal privileges and immunities under the laws, (3) that one or more of the conspirators did, or caused to be done, any act in furtherance of the object of the conspiracy, and (4) that she was injured or deprived of having and exercising any right or privilege of a citizen of the

11

United States." *Crutcher-Sanchez v. Cty. of Dakota*, 687 F.3d 979, 987 (8th Cir. 2012); *see also Federer v. Gephardt*, 363 F.3d 754, 757-58 (8th Cir. 2004) (same).

However, in his Complaint, Mr. Hammock made no allegations of conspiracy. In fact, the words "conspiracy" or "conspire" did not even appear. (*See Dkt. No. 1*). Instead, Mr. Hammock alleged a confusing set of facts boiling down to the assertion that while watching the launch of the NASA SpaceX Falcon Engine Dragon, on an Apple laptop, through his Mediacom wireless internet connection, with his BlackBerry cellphone nearby, using a Virgin Mobile wireless network, and with his Iowa-American Water Company smart meter less than 20 feet away, Mr. Hammock felt a pain sensation in his head that he believes was caused by "directed energy weapons and maser microwave lasers." (*Dkt. No. 1, pp. 14-15, 17 ¶¶ 12-14, 20*).

What Mr. Hammock failed to allege, as required by the law, are any facts showing how the Appellees are or even could be responsible for these alleged injuries, or how the Appellees conspired in any way to cause them. *See Jensen v. Henderson*, 315 F.3d 854, 862 (8th Cir. 2002) (noting that in order to plead a constitutional conspiracy, the plaintiff is required to "point[] to at least some facts which would suggest that the appellees reached an understanding to violate [his] rights"). Instead, Mr. Hammock alleged that the Appellees had "an obligation to not have sent pain signals to Plaintiff during their NASA and SpaceX Falcon

Appellate Case: 16-1301     Page: 23     Date Filed: 04/18/2016 Entry ID: 4389483

Engine Space craft liftoff," and that the Appellees "owed Plaintiff a duty of care to not have their products allow signals to be sent through that targeted Plaintiffs cerebellum" or to be "used to manipulate Plaintiff[']s nervous system," and that the Appellees owed Mr. Hammock a "duty of care not to send microwave voices and shocks to [him]." (*Dkt. No. 1, p. 22-24, ¶¶ 31-34*).

These alleged facts do not support an allegation that the Appellees conspired to violate Mr. Hammock's rights, or justify the District Court further entertaining the Complaint. *See Hagans v. Lavine*, 415 U.S. 528, 536 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . .") (citation omitted). Because FED. R. CIV. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," (*Ashcroft*, 556 U.S. at 678), the District Court was correct in dismissing Mr. Hammock's Complaint.

Additionally, the District Court properly dismissed Mr. Hammock's claim under Section 1985 because Mr. Hammock did not allege a class-based discriminatory motive. In order to assert a claim under 42 U.S.C. § 1985(3) in this Circuit, a plaintiff must also "allege some class-based discriminatory motive on the part of the conspirators." *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) (affirming dismissal because the "acts described in the complaint do not contain

13

any such element"). In this case, Mr. Hammock's Complaint was devoid of any such assertion, because no class-based animus existed. As such, the District Court was correct in concluding that Mr. Hammock failed to "include sufficient facts to state a claim for relief that is plausible on its face." (*Dkt. No. 49, p. 2*).

### b. The Complaint Failed To Invoke The District Court's Subject Matter Jurisdiction.

The Complaint was also properly dismissed under FED. R. CIV. P. 12(b)(1) because it failed to assert a substantial claim over which there could be federal subject matter jurisdiction. Mr. Hammock has consistently ignored the Appellees' challenges to federal subject matter jurisdiction over this dispute.[7] Dismissal under FED. R. CIV. P. 12(b)(1) was appropriate because the allegations are "so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans,* 415 U.S. at 536-3 (internal quotations omitted). The allegations in this case clearly fall within the class of cases meriting such dismissal. *See, e.g. Tooley v. Napolitano,* 586 F.3d 1006 (D.C. Cir. 2009) (allegations of a massive surveillance program with wiretaps and radio frequency tracking tags); *Newby v. Obama*, 681 F. Supp. 2d 53, 55-56 (D.D.C. 2010) (alleged

---

[7] The Appellees argued, *inter alia*, for dismissal due to lack of subject matter jurisdiction (*Dkt. No. 9-1 at p. 4, Dkt. No. 11-1, p. 10, Dkt. No. 19-1 at p. 14, Dkt. No. 21-1 at p. 7, Dkt. No. 46-1 at p. 9*), and the District Court granted the "motions to dismiss and to quash for each of the reasons cited by the defendants." (*Dkt. No. 49*)(emphasis added)).

14

government surveillance and harassment); *Baszak v. F.B.I.*, 816 F. Supp. 2d 66, 68-69 (D.D.C. 2011) (allegations of "fantastic government manipulation of one's will or mind that simply defy reality"); *Bickford v. U.S.*, 808 F. Supp. 2d 175, 181-92 (D.D.C. 2011) (allegations of government torture, surveillance, and harassment).

## II. THE DISTRICT COURT PROPERLY DISMISSED THE COMPLAINT AS TIME-BARRED UNDER IOWA CODE § 614.1(2).

This Court's standard of review on this issue is *de novo*. *Burwell*, 764 F.3d at 961; *Brown*, 738 F.3d at 934.

Mr. Hammock does not dispute that his claim, which is for alleged injury to his person, is subject to the two-year limitations period. *See* IOWA CODE § 614.1(2); *Nicodemus v. Milwaukee Mut. Ins. Co.*, 612 N.W.2d 785, 788 (Iowa 2000) (noting injured parties have two years to investigate a claim and file a lawsuit).[8] Nor does he dispute that the allegations in his own Complaint states

---

[8] Mr. Hammock purportedly brought his action under 42 U.S.C. §§ 1983 and 1985 and 28 U.S.C. §1343. Claims under such statutes are subject to the venue state's statutes of limitation for personal injury claims. *Wilson v. Garcia*, 471 US. 261, 276, 105 S. Ct. 1938, 1947, 85 L. Ed. 2d 254 (1985). The Complaint mentions several criminal statutes from Title 18 of the United States Code in support of a claim under 42 U.S.C. §§ 1983 and 1985. (*Dkt. No. 1, pp. 4 and 10*). Such criminal statutes, however, do not create any private right that is enforceable through §§ 1983 or 1985. *See Moldowan v. City of Warren*, 578 F.3d 351, 391 (6th Cir. 2009); *Clements v. Chapman*, 189 F. App'x. 688, 692 (10th Cir. 2006); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

15

that he was injured—and that he was aware of the facts causing him to believe that his injury was caused by defendants—on May 22, 2012, well more than two years before he filed this action on October 16, 2015. (*Dkt. 1, p. 14-15, ¶¶ 12-13*). *See Powell v. Tordoff,* 911 F. Supp. 1184, 1189, 1194 (N.D. Iowa 1995) (noting that, under federal law, limitation periods begin to run when plaintiff "knows or has reason to know of the injury which is the basis of the action"); *Thompson v. Estate of Herron*, 612 N.W.2d 798, 800 (Iowa 2000) (measuring limitations period from date of injury). Given this undisputed timeline, the District Court correctly dismissed Mr. Hammock's Complaint as time barred. *See Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (stating that when it appears on the face of the complaint that the limitation period has run, "a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss.")

Mr. Hammock challenges the District Court's ruling by vaguely invoking a "continuing violation theory" that has been applied to extend the limitations period for claims brought under the Sherman Act. (Hammock Brief at p. 14). Plaintiff does not explain why a rule applied to antitrust conspiracy claims should be applied to civil rights claims like the ones at issue here. Importantly, the one case he cites, *Midwestern Machinery*, actually suggests that it should not be extended beyond its historical application. *Midwestern Machinery Co. v Northwest Airlines, Inc.*, 392

16

F.3d 265 (8th Cir. 2004) (declining to extend continuing violation theory to Clayton Act claim).

In any event, nothing that Mr. Hammock avers in his Complaint suggests any legal or equitable reason to extend his statute of limitations. The paragraphs of his Complaint that he cites in support of his allegation that his *injuries* have been "continual in nature" do not allege specific ongoing tortious *conduct* by any defendants occurring after the initial date of injury. These paragraphs solely allege that he continues to experience vague "shocks" and the like. Nor does he allege that his injury was latent or undetectable. Simply put, Mr. Hammock's allegations appear to be that the Appellees did something to him in May 2012 that caused him immediate injury, and that he continues to feel the impacts. This is not a basis for extending his statute of limitations.

## III. THE DISTRICT COURT CORRECTLY FOUND THAT THE PRIVATE DEFENDANTS WERE NOT STATE ACTORS.

This Court's standard of review on this issue is *de novo*. *Burwell*, 764 F.3d at 961; *Brown*, 738 F.3d at 934.

Mr. Hammock argues that the District Court erred in dismissing his Complaint due to failure to demonstrate that the Appellees are state actors. In granting the Motions to Dismiss, the District Court correctly held that the "non-governmental entities sued in this matter are not state actors for purposes of 42 U.S.C. § 1983." (*Dkt. No. 49, p. 2*). For purposes of Section 1983, private parties

17

can only become state actors if action is taken under the color of state law and causes a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States. 42 U.S.C. § 1983; *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). The Eighth Circuit has found private party liability under 42 U.S.C. § 1983 only where the claimed deprivation of rights results from the "joint action or conspiracy with state authorities." *Carlson v. Roetzel & Andress*, 552 F.3d 648, 651 (8th Cir. 2008).

Here, Mr. Hammock alleges joint action only on the basis that harmful signals were sent through Appellees' electronic devices. (*Dkt. No. 1, p. 22-24, ¶ 31-34*). Without specific evidence to support the implied joint action, Mr. Hammock claims that Appellees "not acting under the color of the law … become partners" presumably with governmental entities, "by proxy using modern day 21st century technology" to violate a liberty interest to be free from "experimentation and torture." (*Dkt. No. 1, p. 6*). Mr. Hammock states that the United States military has the technological ability to "piggyback" or manipulate the Appellees' commercial products and services and that Appellees' wifi, cellular, and smart meter networks are operated jointly and intentionally with the United States military, a state actor, leading to Plaintiff's injuries. (*Id.* at pp. 15-16; *see also* pp. 31-32). To further support Mr. Hammock's contention that Appellees acted "jointly and intentionally," Mr. Hammock asserts that "non-government

18

defendants become state actors knowingly or unknowingly when their products and services" send signals "through the electromagnetic spectrum" as part of "a military mission statement mandate to assume full access of EMS." (Hammock Brief at pp. 15-17, 25, and 30-32).

Legal authority does not support Mr. Hammock's state action allegations. The Supreme Court has held that for a private party to act under color of state law for 42 U.S.C. § 1983 purposes, "it is enough that he be a willful participant in joint action with the state or its agents." *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980). The "touchstone of joint action is often a plan, prearrangement, conspiracy, custom, or policy shared by the private actor and the police" and the entire relationship between the state and the entity alleged to be a state actor is to be considered not just the outward manifestations of that relationship. *See Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999); *Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001).

Mr. Hammock failed to provide any factual basis to establish that joint action occurred, that the Appellees were willful participants to any alleged joint action, or that an agreement existed between Appellees and the state actor. Mr. Hammock's fact pattern is wholly inconsistent with joint action based on a mutual understanding or a "meeting of the minds." *See Adickes v. Kress & Co.*, 398 U.S.

19

144, 158 (1970) (explaining the concept of a "meeting of the minds" between law enforcement and private individuals). The joint action basis for state action is not triggered when there is no mutual understanding, as is the case in this situation, and it is not enough for Mr. Hammock to claim that the non-government Appellees "should have known" that their wifi networks, cellular signals, and products were used by the United States military to "perform physical signal searches within Plaintiffs [sic] dwelling through the electromagnetic spectrum." (Hammock Brief at p. 16-17; *see also* pp. 31-32).

Nothing about Mr. Hammock's citation to *Wickersham v. City of Columbia,* 481 F.3d 591 (8th Cir. 2007) changes this conclusion. In *Wickersham*, the Eighth Circuit affirmed the grant of an injunction issued in favor of non-profit demonstrators at an event put on by a private organization. The private organization used city police officers to enforce the organization's limitations on speech and the court held that the private organization "was a state actor when it interfered with appellees' expressive activities" under the joint action and "pervasive entangle[ment]" concepts. *Id.* at p. 599.

Mr. Hammock's fact pattern is easily distinguishable from *Wickersham,* because in that case there was virtually total entanglement and the lines between the private and public entities were so blurred that the private party and the state constituted one actor for all intents and purposes. *Forbes v. City of New York,*

20

2008 U.S. Dist. LEXIS 63021, *26-30, 2008 WL 3539936 (S.D.N.Y. Aug. 12, 2008). In this case, Mr. Hammock provides no factual support to establish that the private and public entities worked together let alone that they became a single united entity sufficient to trigger the "joint and intentional" action concept that appears as part of Mr. Hammock's allegations.

Further, contrary to Mr. Hammock's assertion, the District Court did not err in "failing to recognize the 21st century interactive technological capability within the commercial private sector and military industrial complex sector to cause injury by stealth." (*Id.* at p. 31). Where the Complaint is void of sufficient evidence to support a valid claim, the District Court need not investigate evidence beyond that which is stated in the Complaint. *See Iqbal,* 556 U.S. at 677-78 (citing FED. R. CIV. P. 8(a)(2)); *Twombly,* 550 U.S. at 570. The District Court correctly dismissed Mr. Hammock's claim by finding that private-party Appellees were not state actors for purposes of 42 U.S.C. § 1983.

## IV. THE DISTRICT COURT PROPERLY GRANTED DEFENDANT SPACEX'S MOTION TO DISMISS WHILE A MOTION FOR DEFAULT JUDGMENT WAS PENDING.

This Court's standard of review on this issue is abuse of discretion. *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781 (8th Cir. 1998) (stating "Rule 55(c) issues are committed to the district court's discretion").

21

The District Court properly granted defendant SpaceX's the motion to dismiss under FED. R. CIV. P. 12(b)(1), (2), and (6).  To the extent it exercised discretion in considering SpaceX's motion, the Court acted well within its discretion.  Indeed, the District Court was obligated to grant SpaceX's Motion to Dismiss for lack of subject matter jurisdiction.  The lack of subject matter jurisdiction can be raised at any point during the litigation of a civil dispute in federal court.  Indeed, the court is obliged to dismiss an action at any point in the proceedings—*sua sponte* if necessary—if the court determines it lacks subject matter jurisdiction over the case. FED. R. CIV. P. 12(h)(3).

Nor did the District Court err in granting SpaceX's motion to dismiss for lack of personal jurisdiction and failure to state a claim.  Federal courts eschew default judgments and routinely grant defendants more than twenty-one days to respond to a complaint, particularly where the defendant shows good cause, the delay is small, and/or there is no unfair prejudice.  *See Johnson*, 140 F.3d 781; *Higgins v. Dankiw*, No. 8:08CV15, 2008 WL 2565110 at *2 (D. Neb. June 24, 2008).

Here, there was good cause.  First, SpaceX's late filing was caused by Mr. Hammock's own failure to abide by the District Court's Local Rules.  Specifically, after filing his original Complaint on October 16, 2015, he filed a purported amended Complaint that was not a stand-alone document as required by L.R. 15.

22

(*Dkt. No. 6*). He then confusingly served the original Complaint together with numerous exhibits totaling 99 pages, amongst which he inserted the amended Complaint. SpaceX understandably failed to notice that the purported amended Complaint—again, not a stand-alone complaint—was actually buried among the voluminous materials. (*See Dkt. No. 21-2,* Ex. 2,) Instead, when SpaceX was served with the original Complaint and saw on Westlaw that an amended Complaint had already been filed, SpaceX assumed Mr. Hammock would serve SpaceX separately with that amended Complaint, at which point SpaceX would have time to respond. (*Id.*). It was only after receiving Mr. Hammock's motion for default judgment[9] that SpaceX realized that Mr. Hammock's purported amended Complaint had been included with the original Complaint in the package delivered to SpaceX on November 18, 2015. (*Id.*). Under such circumstances, it was certainly within the trial court's discretion to consider the motion.

Second, Mr. Hammock was not unfairly prejudiced by the Court considering SpaceX's FED. R. CIV. P. 12(b)(2) and 12(b)(6) motions. The alleged facts giving rise to his purported injuries occurred many years before he filed his Complaint, and SpaceX's motion was filed before the Court had ruled on any of the various motions to dismiss filed by multiple defendants in this case. Moreover, even if the Court had declined to consider SpaceX's motion, SpaceX would have had

---

[9] Mr. Hammocks's motion for default judgment was improper because no default was ever entered against SpaceX.

23

opportunities to raise the same issues—lack of personal jurisdiction and failure to state a claim—using different procedural vehicles, meaning Mr. Hammock and the Court would have had to address these issues at some point. Fed. R. Civ. P. 12(c) (permitting motions for judgment on the pleadings outside of 21-day period for filing 12(b)(6) motion); *Printed Media Servs., Inc. v Solna Web, Inc.*, 11 F.3d 838, 842 (8th Cir. 1993) ("[D]efault judgment entered without personal jurisdiction is void and can be attacked at any time either directly in the rendering court or through collateral attack upon enforcement of the judgment").

## VI. THE DISTRICT COURT COMMITTED NO ERROR BY DISMISSING CLAIMS AGAINST IOWA-AMERICAN WATER COMPANY AND BLACKBERRY BEFORE THE EXPIRATION OF MR. HAMMOCK'S DEADLINE TO RESPOND TO MOTIONS BY THOSE PARTIES.

This Court's standard of review on this issue is *de novo*. *Burwell*, 764 F.3d at 961; *Brown*, 738 F.3d at 934.

Mr. Hammock's final issue is whether the District Court erred by granting Iowa-American Water Company's Motion to Dismiss and BlackBerry's Motion to Quash Service of Process without allowing Mr. Hammock 14 days to file a resistance to those two particular motions. Once again, Mr. Hammock's contention is completely without merit. District courts should construe, administer, and employ the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Pursuant to that

24

mandate, a district court may resolve multiple motions simultaneously and may raise dispositive issues on its own initiative. Indeed, a district court may *sua sponte* dismiss a case pursuant to FED. R. CIV. P. 12(b)(6). *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014); *see also Wright, Miller, et al.*, 5B Federal Practice & Procedure § 1357 n. 4 (3d ed.) (collecting cases).

Mr. Hammock misapprehends the meaning and effect of Local Rule 7.e. of the United States District Court for the Southern District of Iowa. Local Rule 7.e. sets a standard deadline of 14 days for a party to file a resistance to a motion. That rule does not restrict the District Court's authority to resolve a pending motion. Nor does that Local Rule undermine the District Court's obligation to administer the rules to secure a just, speedy, and inexpensive determination of this case.

Here, Mr. Hammock had notice of the legal deficiencies with his claims and ample opportunity to address those problems. In fact, he filed multiple resistances to the FED. R. CIV. P 12(b)(6) motions filed by several defendants. Nothing could be gained by Mr. Hammock's filing of two additional briefs.

The District Court properly considered and rejected Mr. Hammock's arguments and correctly dismissed Mr. Hammock's claims against all the Appellees, including Iowa-American Water Company and BlackBerry. The mere fact that the District Court ordered dismissal of the Complaint before the 14-day deadline for Mr. Hammock's response to two of the six pending defense motions

does not suggest error by the District Court, much less prejudicial error that requires appellate relief.

## **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, Defendant-Appellees, Apple Inc., BlackBerry Corporation, Iowa-American Water Company, MCC Iowa, LLC d/b/a Mediacom, and Space Exploration Technologies Corp. (SpaceX) request that this Court AFFIRM the District Court's January 13, 2016 Order and Judgment dismissing this case in its entirety (*Dkt. Nos. 49 & 50*).

Appellate Case: 16-1301     Page: 37     Date Filed: 04/18/2016 Entry ID: 4389483

| | |
|---|---|
| SIMMONS PERRINE MOYER BERGMAN PLC<br><br>*/s/ Philip A. Burian*<br>Philip A. Burian        AT0001284<br>115 Third Street SE, Suite 1200<br>Cedar Rapids, IA 52401-1266<br>Telephone No.: 319-366-7641<br>Facsimile No.:  319-366-1917<br>pburian@simmonsperrine.com<br>ATTORNEY FOR APPLE INC. | WEINHARDT & LOGAN, PC<br><br>*/s/ Todd M. Lantz*<br>*/s/ Mark E. Weinhardt*<br>Todd M. Lantz        AT0010162<br>Mark E. Weinhardt<br>2600 Grant Avenue, Suite 450<br>Des Moines, IA 50312<br>Telephone No: 515-244-2100<br>Facsimile No: 515-288-0407<br>tlantz@weinhardtlogan.com<br>mweinhardt@weinhardtlogan.com<br>ATTORNEYS FOR BLACKBERRY CORPORATION |
| FAEGRE BAKER DANELS LLP<br><br>*/s/ Terri L. Combs*<br>Terri L. Combs<br>801 Grand Avenue, 33rd Floor<br>Des Moines, IA 50309<br>Telephone No:  515-248-9000<br>Facsimile No: 515-248-9010<br>terri.combs@FaegreBD.com<br>ATTORNEY FOR MCC IOWA LLC d/b/a MEDIACOM | SULLIVAN & WARD, PC<br><br>*/s/ Amanda A. James*<br>*/s/ Dennis L. Puckett*<br>Amanda A. James    AT0009824<br>Dennis L. Puckett<br>6601 Westown Parkway, Suite 200<br>West Des Moines, IA 50266<br>Telephone No: 515-244-3500<br>Facsimile No: 515-244-3599<br>ajames@sullivan-ward.com<br>dpuckett@sullivan-ward.com<br>ATTORNEYS FOR IOWA -AMERICAN WATER COMPANY |
| PAPPAS DAVIDSON O'CONNOR & FILDES, PC<br><br>*/s/ Cameron A. Davidson*<br>Cameron A. Davidson<br>1617 Second Avenue, Suite 300<br>Rock Island, IL 61201<br>Telephone No: 309-788-7110<br>Facsimile No: 309-788-2773<br>cdavidson@pdoflegal.com<br>ATTORNEY FOR SPACE EXPLORATION TECHNOLOGIES | |

Appellate Case: 16-1301    Page: 38    Date Filed: 04/18/2016 Entry ID: 4389483

# CERTIFICATE OF COMPLIANCE

The undersigned certifies that this Brief complies with the requirements of FED. R. APP. P. 32(a)(7) and Eighth Circuit Rule 28A, as follows:

1. This brief complies with the type-volume limitations of FED R. APP P. 32(a)(7)(B), because this brief contains 8,149 total words, excluding the parts of this Brief that are exempt, pursuant to FED. R. APP. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and the type style requirements OF FED. R. APP. P. 32(a)(6), because it has been prepared using Microsoft Word in Times New Roman, 14 point typeface.

Date: April 15, 2016

*/s/ Philip A. Burian*
Philip A. Burian

28

# CERTIFICATE OF VIRUS SCANNING, FILING AND SERVICE

The undersigned hereby certifies that on April 15, 2016, this Joint Brief of Appellee, Apple, Inc., Blackberry Corporation, MCC Iowa LLC d/b/a Mediacom, Iowa-American Water Company and Space Exploration for viruses, found it to be virus free, and submitted for filing via CM/ECF in accordance with Eight Circuit Rule 28A, which will send notification of such filing to the following counsel of record:

Philip Burian – pburian@simmonsperrine.com
Michael Reck – mrreck@belinmccormick.com
Kelsey Knowles – kjknowles@belinmccormick.com
Espnola Cartmill – efcartmill@belinmccormick.com
Mary Luxa – mary.luxa@usdoj.gov
Todd Lantz – tlantz@weinhardtlogan.com
Mark Weinhardt – mweinhardt@weinhardtlogan.com
Dennis Puckett – dpuckett@sullivan-ward.com
Amanda James – ajames@sullivan-ward.com
Cameron Davidson – cdavidson@pdoflegal.com
Terri Combs – terri.combs@FaegreBD.com

Further, the undersigned hereby certifies that on April 15, 2016, a copy of the same was sent by U.S. Mail to the following:

Christopher Cardaci
Suite 220E
1030 15th Street NW
Washington, DC 20005

Calvin Hammock
5106 Brown Street
Davenport, IA 52806

Appellate Case: 16-1301    Page: 40    Date Filed: 04/18/2016 Entry ID: 4389483

and thereafter depositing 10 copies in the United States mail addressed to the Clerk of Court, Eighth Circuit Court of Appeals, Thomas F. Eagleton Courthouse, Room 24.329, 111 S. 10th Street. St. Louis, Missouri 63102, and through the ECF system,

No Appendix has been used pursuant to Eighth Circuit Rule 30A(2).


*/s/ Philip A. Burian*
Philip A. Burian

Appellate Case: 16-1301     Page: 41     Date Filed: 04/18/2016 Entry ID: 4389483