UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____

No. 16-1301

_____

CALVIN HAMMOCK, Appellant,

v.

NASA HEADQUARTERS, CHARLES BOLDEN ADMINISTRATOR;
DEPARTMENT OF DEFENSE, SECRETARY OF DEFENSE; SPACE
EXPLORATION TECHNOLOGIES SPACE X; APPLE; BLACKBERRY
(CURVE) CORPORATION; VIRGIN MOBILE; MEDIACOM WIFI;
AMERICAN WATER IOWA; ANY YET UN-IDENTIFIED ENTITIES,
PERSONS, SATELLITES, GOVT. AGENCIES, GOVT. TECHNOLOGIES,
INTER AGENCIES, FUSION CENTER PARTICIPANT PARTNERS
CORPORATIONS, COMPANIES, SOFTWARE USED BY AND WITH STATE
ACTORS AND TEMPORARY STATE ACTORS, Appellees.

_____

APPEAL FROM THE U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
HON. JOHN A JARVEY

_____

APPELLEE VIRGIN MOBILE'S BRIEF

_____

Michael R. Reck, *Lead Counsel*
Kelsey J. Knowles
Espnola F. Cartmill
BELIN McCORMICK, P.C.
666 Walnut Street, Suite 2000
Des Moines, IA 50309
Telephone: (515) 283-4645
Facsimile: (515) 558-0645
E-Mail:  mrreck@belinmccormick.com
       kjknowles@belinmccormick.com
       efcartmill@belinmccormick.com
ATTORNEYS FOR APPELLEE VIRGIN MOBILE

## <u>CORPORATE DISCLOSURE STATEMENT</u>

The only entities with an interest in this litigation are Virgin Mobile USA, L.P.,[1] Sprint Ventures, Inc., Bluebottle USA Holdings, L.P., Virgin Mobile USA, Inc., VMU SP1, LLC, and Sprint Corporation.  No other company owns more than a 10% interest in any of these companies.

---

[1] Virgin Mobile USA, L.P. is the proper legal name for the entity sued in this matter.

## SUMMARY OF THE CASE AND
## STATEMENT REGARDING ORAL ARGUMENT

This appeal involves an individual's attempt to hold multiple private and governmental entities responsible for alleged damages resulting from his fantastic allegation that certain private entities allowed the government to use their products to manipulate his nervous system and send pain vibration signals to his brain. Appellant Calvin Hammock sued Appellee Virgin Mobile USA, L.P. ("Virgin Mobile"), asserting that Virgin Mobile violated its "duty of care to not allow [its] products to be used to manipulate Plaintiffs [sic] nervous system and send pain vibration signals and frequencies through magnetic fields generated by these products to Plaintiffs [sic] cerebellum during a NASA Space X partnership spacecraft liftoff." Complaint at ¶ 33. The district court dismissed Hammock's claims pursuant to Motions to Dismiss filed by Appellees Virgin Mobile, Apple, Mediacom, Space Exploration Technologies X and American Water Iowa because (1) the Complaint failed to include sufficient facts to state a claim for relief plausible on its face, (2) the non-governmental entities sued are not state actors for purposes of 42 U.S.C. § 1983, and (3) the Complaint was not filed within the statute of limitations.

Virgin Mobile does not believe oral argument is necessary.

# TABLE OF CONTENTS

Page

CORPORATE DISCLOSURE STATEMENT

SUMMARY OF THE CASE AND STATEMENT REGARDING ORAL ARGUMENT

TABLE OF CONTENTS ................................................................... i

TABLE OF AUTHORITIES ............................................................. ii

JURISDICTIONAL STATEMENT ..................................................... iv

STATEMENT OF THE ISSUES ......................................................... v

STATEMENT OF THE CASE ............................................................. 1

SUMMARY OF THE ARGUMENT ..................................................... 2

ARGUMENT ................................................................................... 3

    I.    STANDARD OF REVIEW ..................................................... 3

    II.   THE DISTRICT COURT CORRECTLY FOUND HAMMOCK'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. .......... 4

    III.  THE DISTRICT COURT CORRECTLY FOUND HAMMOCK'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION. ......................................... 7

    IV.  THE DISTRICT COURT CORRECTLY FOUND HAMMOCK FAILED TO FILE HIS COMPLAINT WITHIN THE APPLICABLE STATUTE OF LIMITATIONS. ....................................... 10

    V.   THE DISTRICT COURT CORRECTLY FOUND VIRGIN MOBILE WAS NOT A STATE ACTOR FOR PURPOSES OF 42 U.S.C. § 1983. ........................................................... 12

CONCLUSION ................................................................................ 14

CERTIFICATE OF FILING ............................................................... 15

CERTIFICATE OF SERVICE ............................................................. 15

Appellate Case: 16-1301     Page: 4     Date Filed: 04/18/2016 Entry ID: 4389504

# TABLE OF AUTHORITIES

***Cases***                                                                 ***Page(s)***

*Albertson v. City of Newton*, No. 4-92-70003, 1992 WL 309879 (S.D. Iowa June 4, 1992) .................................................................. 13

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ........................................... 4, 5, 5, 7

*Baszak v. F.B.I.*, 816 F. Supp. 2d 66 (D.D.C. 2011) ............................... 8, 10

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................... 4, 6, 7

*Bickford v. Government of U.S.*, 808 F. Supp. 2d 175 (D.D.C. 2011) ... 9

*Brodzki v. Fox Broad.*, No. 11-1147, 2012 WL 125272 (D. Del. Jan. 13, 2012) .......................................................................................... 2, 6

*Carlson v. Roetzel & Andress*, 552 F.3d 648 (8th Cir. 2008) ................. 3, 13

*Christiansen v. West Branch Cmty. Sch. Dist.*, 674 F.3d 927 (8th Cir. 2012) .................................................................................................... 3

*City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113 (2005) .............. 11

*Ewing v. Federal Home Loan Bank of Des Moines*, 645 F. Supp. 2d 707 (S.D. Iowa 2009) ......................................................................... 4

*Faith Bible Christian Outreach Ctr., Inc. v. C.H. Moore Trust Estate*, No. C96-4069, 1998 WL 35179229 (N.D. Iowa Nov. 6, 1998) ........ 11

*Gossett v. Administration of Bush*, 336 Fed. Appx. 843 (10th Cir. 2009) .................................................................................................... 2, 6

*Greenman v. Jessen*, 787 F.3d 882 (8th Cir. 2015) ............................... 9

*H&Q Properties, Inc. v. Doll*, 793 F.3d 852 (8th Cir. 2015) .................. 3

*Hagans v. Lavine*, 415 U.S. 528 (1974) .................................................. 8

*Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604 (2013) .................................................................................................... 11

*Kozikowski v. C.I.R.*, 258 Fed. Appx. 60 (8th Cir. 2007) ...................... 6

*Lopatka v. City of Iowa City*, No. 12-1179, 2013 WL 3822103 (8th Cir. July 24, 2013) ............................................................................. 12

*Lorretz v. U.S. Gov't*, No. 1:12-CV-155, 2012 WL 6021444 (D.N.D. Nov. 20, 2012) ................................................................................... 6

*Mountain Home Flight Serv., Inc. v. Baxter County, Ark.*, 758 F.3d 1038 (8th Cir. 2014) ........................................................................... 11

Appellate Case: 16-1301     Page: 5     Date Filed: 04/18/2016 Entry ID: 4389504

*Newby v. Obama*, 681 F. Supp. 2d 53 (D.D.C. 2010) ............................ 8, 9

*Nietzke v. Williams*, 490 U.S. 319 (1989) ................................................. 7

*Pike v. Government Employees Ins. Co.*, 174 Fed. Appx. 311 (6th Cir. 2009) .................................................................................................... 3

*Powell v. Tordoff*, 911 F. Supp. 1184 (N.D. Iowa 1995)...................... 11, 12

*Slocum v. Corporate Exp. US Inc.*, No. 10-CV-650, 2011 WL 1770815 (N.D. Okla. May 9, 2011)........................................................ 2, 6

*Stone v. Harry*, 364 F.3d 912 (8th Cir. 2004) ........................................ 6

*Tooley v. Napolitano*, 586 F.3d 1006 (D.C. Cir. 2009) .......................... 8

*Travelers Indem. Co. v. Industrial Paper & Packaging Corp.*, No. 3:02-CV-491, 2006 WL 3864857 (E.D. Tenn. Dec. 18, 2006)......... 7

*Varner v. Peterson Farms*, 371 F.3d 1011 (8th Cir. 2004)...................... 12

*Watkins v. F.B.I.*, No. 3:14-CV-656-CRS, 2015 WL 339584 (W.D. Ky. Jan. 23, 2015)........................................................................... 8, 10

*Wilson v. Garcia*, 471 U.S. 261 (1985)................................................. 3, 11

**Statutes**

28 U.S.C. § 1291 ..................................................................................... iv

28 U.S.C. § 1367 ..................................................................................... iv

42 U.S.C. § 1983 ......................................................................... iv, 1, 2, 10, ........................................................................................................ 11, 12, 13

42 U.S.C. § 1985 ......................................................................... iv, 1, 2, 10, ........................................................................................................ 11, 12, 13

Iowa Code § 614.1(2)............................................................................. 3, 12

**Other Authorities**

Fed. R. Civ. P. 8 ..................................................................................... 6

Fed. R. Civ. P. 12(b)(1)......................................................................... 7, 9, 10

Fed. R. Civ. P. 12(b)(6)......................................................................... 3, 4

Appellate Case: 16-1301     Page: 6     Date Filed: 04/18/2016 Entry ID: 4389504

# JURISDICTIONAL STATEMENT

Hammock filed the present action on or about October 16, 2015, in the United States District Court for the Southern District of Iowa, Central Division. Federal question jurisdiction exists because Hammock brings claims pursuant to 42 U.S.C. §§ 1983 and 1985. Supplemental jurisdiction exists over any non-federal claims pursuant to 28 U.S.C. § 1367.

Virgin Mobile filed a Motion to Dismiss on December 8, 2015. Hammock resisted on December 21, 2015. The district court (Jarvey, J) entered its Order granting the Motion to Dismiss in Virgin Mobile's favor on January 13, 2016. The Clerk of Court entered Judgment consistent with that Order on January 13, 2016. The Judgment dismissed the action in its entirety with prejudice. Hammock filed his Notice of Appeal on or about January 22, 2016. This appeal is from a final judgment. *See* 28 U.S.C. § 1291.

Appellate Case: 16-1301    Page: 7    Date Filed: 04/18/2016 Entry ID: 4389504

# STATEMENT OF THE ISSUES

## I.  STANDARD OF REVIEW

***Cases***

*H&Q Properties, Inc. v. Doll*, 793 F.3d 852 (8th Cir. 2015)

*Pike v. Government Employees Ins. Co.*, 174 Fed. Appx. 311 (6th Cir. 2009)

*Christiansen v. West Branch Cmty. Sch. Dist.*, 674 F.3d 927 (8th Cir. 2012)

***Other Authorities***

Federal Rule of Civil Procedure 12(b)(6)

## II.  THE DISTRICT COURT CORRECTLY FOUND HAMMOCK'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

***Cases***

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

*Ewing v. Federal Home Loan Bank of Des Moines*, 645 F. Supp. 2d 707 (S.D. Iowa 2009)

*Slocum v. Corporate Exp. US Inc.*, No. 10-CV-650, 2011 WL 1770815 (N.D. Okla. May 9, 2011)

*Gossett v. Administration of Bush*, 336 Fed. Appx. 843 (10th Cir. 2009)

*Brodzki v. Fox Broad.*, No. 11-1147, 2012 WL 125272 (D. Del. Jan. 13, 2012)

*Stone v. Harry*, 364 F.3d 912 (8th Cir. 2004)

*Lorretz v. U.S. Gov't*, No. 1:12-CV-155, 2012 WL 6021444 (D.N.D. Nov. 20, 2012)

*Kozikowski v. C.I.R.*, 258 Fed. Appx. 60 (8th Cir. 2007)

*Travelers Indem. Co. v. Industrial Paper & Packaging Corp.*, No. 3:02-CV-491, 2006 WL 3864857 (E.D. Tenn. Dec. 18, 2006)

***Other Authorities***

Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8

Appellate Case: 16-1301    Page: 8    Date Filed: 04/18/2016 Entry ID: 4389504

## III. THE DISTRICT COURT CORRECTLY FOUND HAMMOCK'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

***Cases***

*Nietzke v. Williams*, 490 U.S. 319 (1989)

*Hagans v. Lavine*, 415 U.S. 528 (1974)

*Newby v. Obama*, 681 F. Supp. 2d 53 (D.D.C. 2010)

*Tooley v. Napolitano*, 586 F.3d 1006 (D.C. Cir. 2009)

*Watkins v. F.B.I.*, No. 3:14-CV-656-CRS, 2015 WL 339584 (W.D. Ky. Jan. 23, 2015)

*Baszak v. F.B.I.*, 816 F. Supp. 2d 66 (D.D.C. 2011)

*Bickford v. Government of U.S.*, 808 F. Supp. 2d 175 (D.D.C. 2011)

*Greenman v. Jessen*, 787 F.3d 882 (8th Cir. 2015)

***Other Authorities***

Federal Rule of Civil Procedure 12(b)(1)

## IV. THE DISTRICT COURT CORRECTLY FOUND HAMMOCK FAILED TO FILE HIS COMPLAINT WITHIN THE APPLICABLE STATUTE OF LIMITATIONS.

***Cases***

*Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604 (2013)

*Mountain Home Flight Serv., Inc. v. Baxter County, Ark.*, 758 F.3d 1038 (8th Cir. 2014)

*Powell v. Tordoff*, 911 F. Supp. 1184 (N.D. Iowa 1995)

*Wilson v. Garcia*, 471 U.S. 261 (1985)

*City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113 (2005)

*Faith Bible Christian Outreach Ctr., Inc. v. C.H. Moore Trust Estate*, No. C96-4069, 1998 WL 35179229 (N.D. Iowa Nov. 6, 1998)

*Lopatka v. City of Iowa City*, No. 12-1179, 2013 WL 3822103 (8th Cir. July 24, 2013)

*Varner v. Peterson Farms*, 371 F.3d 1011 (8th Cir. 2004)

Appellate Case: 16-1301     Page: 9     Date Filed: 04/18/2016 Entry ID: 4389504

***Statutes***

42 U.S.C. § 1983

42 U.S.C. § 1985

Iowa Code § 614.1(2)

**V.     THE DISTRICT COURT CORRECTLY FOUND VIRGIN MOBILE
        WAS NOT A STATE ACTOR FOR PURPOSES OF 42 U.S.C. § 1983.**

***Cases***

*Carlson v. Roetzel & Andress*, 552 F.3d 648 (8th Cir. 2008)

*Albertson v. City of Newton*, No. 4-92-70003, 1992 WL 309879 (S.D. Iowa June 4,
    1992)

***Statutes***

42 U.S.C. § 1983

42 U.S.C. § 1985

Appellate Case: 16-1301     Page: 10     Date Filed: 04/18/2016 Entry ID: 4389504

## STATEMENT OF THE CASE

Although it is less than a model of clarity, Appellant Hammock's Complaint appears to allege Virgin Mobile violated his civil rights pursuant to 42 U.S.C. §§ 1983 and 1985. Ostensibly to support his claims against Virgin Mobile, Hammock makes the following allegations:

- On May 22nd 2012 Plaintiff was in the basement of his home watching the NASA Space X Falcon Engine Dragon liftoff on his Apple Mac Book Pro laptop right next to Plaintiffs [sic] leg, on Mediacom wifi network (at Plaintiffs [sic] 1911 Valley Drive address) while Plaintiff's Blackberry Curve cellphone was on using the Virgin Mobile wireless network less than 12 inches from Plaintiff, with an Iowa American Water smartmeter wireless network on (approximately 20 feet away in the next room). Complaint at ¶ 12.

- During this liftoff Plaintiff felt the back of his cerebellum vibrate for 15-25 seconds as a pain sensation that Plaintiff has not felt since that exact pain sensation although there have been similar frequency sensations dealing with Plaintiffs [sic] head. Complaint at ¶ 13.

- Plaintiffs [sic] Blackberry and Virgin Mobile cellular network, Iowa American Water smart meter owed to Plaintiff a duty of care to not allow their products to be used to manipulate Plaintiffs [sic] nervous system and send pain vibration signals and frequencies through magnetic fields generated by these products to Plaintiffs [sic] cerebellum during a NASA Space X partnership spacecraft liftoff. Defendants breached that duty of care. Complaint at ¶ 33.

- Plaintiff seeks damages from Blackberry curve and Virgin Mobile Network as their Product allowed plaintiffs [sic] nervous system to be hit [sic] a directed energy beam and an elongated stream of natural energy was pulled from the top of Plaintiff's cranium until Plaintiff took battery out of Blackberry phone operating on a Virgin Mobile network when the natural field stream is was [sic] returned to Plaintiff as the directed energy beam dissipated. Complaint at 26-27, ¶ F.

1

Because the facts alleged in Hammock's Complaint are insufficient to show Hammock has a plausible claim for relief against Virgin Mobile, Virgin Mobile moved to dismiss. The district court granted Virgin Mobile's Motion to Dismiss finding (1) Hammock's Complaint failed to include sufficient facts to state a claim for relief plausible on its face, (2) the non-governmental entities sued, including Virgin Mobile, are not state actors for purposes of 42 U.S.C. § 1983, and (3) Hammock's Complaint was not filed within the statute of limitations. Hammock asks this Court to reverse the district court's ruling on each basis.

## SUMMARY OF THE ARGUMENT

As the district court noted, "[a]t its core, [Hammock's] complaint fails to include sufficient facts to state a claim for relief that is plausible on its face." Order, Jan. 13, 2016. The type of fantastic and delusional allegations Hammock makes cannot state a plausible claim under any circumstances. *Slocum v. Corporate Exp. US Inc.*, No. 10-CV-650, 2011 WL 1770815, at *4 (N.D. Okla. May 9, 2011); *see also Gossett v. Administration of Bush*, 336 Fed. Appx. 843, 845 (10th Cir. 2009); *Brodzki v. Fox Broad.*, No. 11-1147, 2012 WL 125272, at *2 (D. Del. Jan. 13, 2012).

Further, Hammock cannot succeed on claims pursuant to 42 U.S.C. §§ 1983 and 1985 because his claims are barred by the applicable statute of limitations. Hammock's Complaint clearly alleges he was aware of his injury on May 22,

2

2012. Complaint at ¶ 12. Yet, Hammock failed to file suit until over three (3) years later on October 16, 2015. Complaint. Because the applicable statute of limitations is two years, Hammock's claim must fail. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); Iowa Code § 614.1(2). Finally, even if Hammock could overcome the deficiencies outlined above, Hammock cannot show Virgin Mobile is a "state actor" as required to bring his claim pursuant to Section 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008).

For each of these reasons, this Court should affirm the district court's decision.

## **ARGUMENT**

### I.  **STANDARD OF REVIEW**

This Court reviews de novo a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) or based on the statute of limitations. *H&Q Properties, Inc. v. Doll*, 793 F.3d 852, 855 (8th Cir. 2015); *Pike v. Government Employees Ins. Co.*, 174 Fed. Appx. 311, 314 (6th Cir. 2009). This Court may affirm a district court's judgment on any ground supported by the record, whether or not raised or relied on by the district court. *Christiansen v. West Branch Cmty. Sch. Dist.*, 674 F.3d 927, 934 (8th Cir. 2012).

## II. THE DISTRICT COURT CORRECTLY FOUND HAMMOCK'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

A court may grant a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) where the plaintiff's complaint fails to include enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007); *Ewing v. Federal Home Loan Bank of Des Moines*, 645 F. Supp. 2d 707, 710 (S.D. Iowa 2009). Stated another way, the "factual allegations must be enough to raise a right to relief above the speculative level...." *Ewing*, 645 F. Supp. 2d at 710 (quoting *Twombly*, 550 U.S. at 555). In ruling on a motion to dismiss for failure to state a claim, a court is required to accept as true all factual allegations in the complaint. *Id.* (citing *Twombly*, 550 U.S. at 555-56). However, "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Here, because Hammock's Complaint lacks any factual allegations supporting his claims against Virgin Mobile and his allegations are so outlandish, he cannot nudge his claims across the line from conceivable to plausible. Thus, the district court properly dismissed Hammock's Complaint.

4

Essentially, Hammock alleges he had a phone operating on the Virgin Mobile wireless network, he felt a vibration in his head when he was near the phone on some occasions, Virgin Mobile owed him a duty of care and, thus, Virgin Mobile is liable to him for damage. Missing from Hammock's Complaint, however, are any factual allegations supporting his conclusions that Virgin Mobile owed him a duty of care to stop whatever he claims occurred, how Virgin Mobile was involved in any such activities or that any alleged breach of any duty proximately caused him any injury or did anything to cause his alleged injuries. As the United States Supreme Court explained in *Iqbal*, "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Hammock's allegations are so outlandish and implausible, no court could believe he has a reasonable likelihood of mustering factual support for his claims. Indeed, courts have reached identical conclusions in strikingly similar cases:

> Plaintiff's allegations that her former employer planted surveillance equipment in her bathroom, re-planted such equipment in numerous residences to which she moved, hired agents to follow Plaintiff, and caused the contents of such surveillance to be broadcast over television and radio networks are so outlandish that Defendants should not be forced to conduct discovery or otherwise proceed with this lawsuit. Plaintiff's claims are precisely the type intended to be

5

weeded out by the *Twombly* standard because they have no reasonable prospect of success.

*Slocum*, 2011 WL 1770815, at *4; *see also Gossett*, 336 Fed. Appx. at 845 (finding plaintiff had not nudged his claims across the line from conceivable to plausible where there was no reasonable probability the plaintiff could produce evidence to support his outlandish claims); *Brodzki*, 2012 WL 125272, at *2 (finding plaintiff's "fantastical, delusional, irrational, and frivolous allegations" were too conclusory and scant to meet the pleading requirements of *Iqbal* and *Twombly*).

Hammock's status as a pro se plaintiff does not save his claim. "Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted); *see also Lorretz v. U.S. Gov't*, No. 1:12-CV-155, 2012 WL 6021444, at *2 (D.N.D. Nov. 20, 2012) ("… even a pro se litigant must state enough in terms of the facts and grounds for relief to give the defendant fair notice of what the claim is and to indicate that the right to relief is at least plausible, even if the chances for success are remote."). Where, as here, a pro se litigant fails to meet pleading standards set forth in Federal Rule of Civil Procedure 8, *Iqbal*, 556 U.S. at 662 and *Twombly*, 550 U.S. at 544, his Complaint should be dismissed. *See Kozikowski v. C.I.R.*, 258 Fed. Appx. 60, 60 (8th Cir. 2007) (citing *Twombly* in support of the decision to dismiss a pro se complaint for failure to plead enough facts to state a claim for relief that is plausible).

6

Nor can Hammock rely on other Appellees' alleged failure to file a responsive pleading to have the Court treat allegations as admitted with respect to Virgin Mobile. Not only is this not the way pleadings work, *see Travelers Indem. Co. v. Industrial Paper & Packaging Corp.*, No. 3:02-CV-491, 2006 WL 3864857, at *12 (E.D. Tenn. Dec. 18, 2006) ("when multiple defendants are involved, an admission by one defendant is only admitted against that particular defendant but not the others."), but the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (citing *Papasan*, 478 U.S. at 286). Hammock's Complaint is devoid of any factual allegations supporting his legal conclusions that Virgin Mobile owed him a duty of care to stop whatever he claims occurred, was involved in any wrongful behavior or that the alleged breach of any duty proximately caused Hammock any injury. This deficiency rings the death knell for Hammock's claims.

Because Hammock's Complaint fails to meet the standards set forth in *Iqbal* and *Twombly*, the district court correctly dismissed his claims.

## III. THE DISTRICT COURT CORRECTLY FOUND HAMMOCK'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

A court also may grant a motion to dismiss frivolous or patently insubstantial complaints under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *Nietzke v. Williams*, 490 U.S. 319, 327 n.6 (1989). The

Appellate Case: 16-1301    Page: 17    Date Filed: 04/18/2016 Entry ID: 4389504

federal courts are without power to entertain claims so attenuated and insubstantial as to be absolutely devoid of merit. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974). "To be dismissed under Rule 12(b)(1) on this ground the claims must be flimsier than doubtful or questionable they must be essentially fictitious." *Newby v. Obama*, 681 F. Supp. 2d 53, 56 (D.D.C. 2010) (internal marks omitted). "Claims that are essentially fictitious include those that allege bizarre conspiracy theories, any fantastic government manipulations of their will or mind or any sort of supernatural intervention." *Id.* There is no case or controversy for such patently frivolous claims.

Hammock's Complaint easily falls within the "essentially fictitious" category that courts routinely dismiss. *See Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (holding that the "particular combination of sloth, fanaticism, inanity and technical genius ... move these allegations into the realm of claims [that are] essentially fictitious"); *Watkins v. F.B.I.*, No. 3:14-CV-656-CRS, 2015 WL 339584, at *1 (W.D. Ky. Jan. 23, 2015) (dismissing the plaintiff's claims where the complaining document was devoid of any credible allegations and contained "bizarre, fantastic, delusional and disjointed thoughts"); *Baszak v. F.B.I.*, 816 F. Supp. 2d 66, 69 (D.D.C. 2011) (dismissing the plaintiff's claims for lack of subject matter jurisdiction where plaintiff's claims rested on "fantastic government manipulation of one's will or mind that simply def[ies] reality") (internal

8

quotations and marks omitted); *Bickford v. Government of U.S.*, 808 F. Supp. 2d 175, 181 (D.D.C. 2011) ("Ms. Bickford's injunctive claims – all of which arise from her allegations of government torture, surveillance, and harassment – are the type of bizarre conspiracy theories that warrant dismissal under Rule 12(b)(1).") (internal quotations and marks omitted); *Newby*, 681 F. Supp. 2d at 56 (finding the plaintiff's "claims relating to alleged government surveillance and harassment are of the sort of 'bizarre conspiracy theory' that warrant dismissal under Rule 12(b)(1)."). Hammock's Complaint against Virgin Mobile is similarly devoid of any credible allegations and is based on the sort of bizarre conspiracy theory warranting dismissal under Federal Rule of Civil Procedure 12(b)(1).

The "Electronic Battle Management" presentation submitted with Hammock's Resistance to Virgin Mobile's Motion to Dismiss does not save his claim. First, "[a] court generally may not consider materials outside the pleadings when deciding a motion to dismiss for failure to state a claim or for judgment on the pleadings." *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015). Because the "Electronic Battle Management" presentation was not attached to the Complaint or discussed therein, the district court appropriately did not consider it. Second, even if the district court was inclined to consider the presentation, nothing on the presentation's face references Virgin Mobile or offers any evidence Virgin Mobile's network was used in any way to manipulate Hammock's nervous system

9

as Hammock alleges. Finally, Hammock's claims are nearly identical to claims containing bizarre conspiracy theories, fantastic government manipulations of will or mind and supernatural interventions courts routinely dismiss under Rule 12(b)(1). For example, in *Watkins*, the court dismissed the complaint because it lacked plausible facts, claims or remedies where plaintiff claimed:

> that the government has cameras that see through his walls and clothes; that the government has been watching him since the year 2000; that he has been a 'telepathic sex slave for the government' for over a decade; that he was kidnapped by a CIA agent that he has seen on television; that the police have been watching him for over a decade and have bugged his house; that agents are monitoring his bank account; that he was the subject of racial profiling; and other similar allegations.

2015 WL 339584, at *1. Similarly, the court dismissed the plaintiff's claims in *Baszak*, where the plaintiff alleged, in part, "the FBI obtained his private information by engaging in long-term and warrantless surveillance through 'intrusive techniques such as video and mental surveillance....'" 816 F. Supp. 2d at 67. The district court correctly concluded Hammock's Complaint against Virgin Mobile similarly warranted dismissal under Federal Rule of Civil Procedure 12(b)(1).

## IV. THE DISTRICT COURT CORRECTLY FOUND HAMMOCK FAILED TO FILE HIS COMPLAINT WITHIN THE APPLICABLE STATUTE OF LIMITATIONS.

As noted above, Hammock brought his civil rights Complaint pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Complaint at 4. Because neither Section

Appellate Case: 16-1301    Page: 20    Date Filed: 04/18/2016 Entry ID: 4389504

1983 nor Section 1985 contains a statute of limitations, the Court must apply the statute of limitations for analogous claims in Iowa. *See, e.g.*, *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 616 (2013) ("[I]n § 1983 actions a state statute of limitations and the coordinate tolling rules are binding rules of law.") (citation omitted); *Mountain Home Flight Serv., Inc. v. Baxter County, Ark.*, 758 F.3d 1038, 1044 (8th Cir. 2014) ("Section 1983 does not supply its own statute of limitations; instead, we borrow the statute of limitations from state law."); *Powell v. Tordoff*, 911 F. Supp. 1184, 1189, 1191 (N.D. Iowa 1995) (applying state statute of limitations for claims asserted pursuant to 42 U.S.C. §§ 1983, 1985 and 1986).

Courts repeatedly hold the applicable statute of limitations for a Section 1983 or 1985 claim is the personal injury statute of limitations for the state in which the court sits. *See, e.g.*, *Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (affirming court of appeals' decision to apply the personal injury tort statute of limitations to a Section 1983 action); *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 123 n.5 (2005) (affirming statute of limitations for personal injury torts is the applicable limitations period for a Section 1983 claim); *Faith Bible Christian Outreach Ctr., Inc. v. C.H. Moore Trust Estate*, No. C96-4069, 1998 WL 35179229, at *7 (N.D. Iowa Nov. 6, 1998) ("Although the Supreme Court has not explicitly addressed the most analogous state limitations period for claims under 42

11

U.S.C. § 1985, courts have applied the state personal injury statute of limitations to these claims as well."). Under Iowa law, the personal injury statute of limitations is two years. Iowa Code § 614.1(2).

"Under federal law, the statute of limitations does not begin to run until the plaintiff knows or has reason to know of the injury which is the basis of the action." *Powell*, 911 F. Supp. at 1194. Hammock's Complaint confirms he knew of the injury Appellees allegedly caused on May 22, 2012. Accordingly, the statute of limitations began to run on May 22, 2012. *See Lopatka v. City of Iowa City*, No. 12-1179, 2013 WL 3822103, at *1 (8th Cir. July 24, 2013) (finding plaintiff had "actual or imputed knowledge of the facts that would support a cause of action" on day the injury occurred). Because Hammock failed to file his lawsuit until October 16, 2015, more than three (3) years after he had knowledge of his claim, the district court appropriately dismissed his suit for failing to file within the statute of limitations. *See Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) ("[W]hen it appears from the face of the complaint itself that the limitation period has run, a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss.") (citation omitted).

## V. THE DISTRICT COURT CORRECTLY FOUND VIRGIN MOBILE WAS NOT A STATE ACTOR FOR PURPOSES OF 42 U.S.C. § 1983.

Hammock's Complaint purports to be a civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985. Complaint at 4. Section 1983 provides as follows:

Appellate Case: 16-1301    Page: 22    Date Filed: 04/18/2016 Entry ID: 4389504

"Every person who, under color of any statute ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law...."  Section 1983, however, only applies to state actors.  *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008) ("To be liable under § 1983, the claimed deprivation must result from the exercise of a right or privilege having its source in state authority, and the party charged with the deprivation must be one appropriately characterized as [a] state actor[].") (citations omitted).  Only parties who participated in "joint action or conspiracy with state authorities" are "state actors."  *Id.*  A plaintiff bringing a claim pursuant to Section 1983 "must allege specific material facts showing the existence and scope of the conspiracy."  *Albertson v. City of Newton*, No. 4-92-70003, 1992 WL 309879, at *1 (S.D. Iowa June 4, 1992).  "Conclusory allegations of a conspiracy between a private party and a state actor will not suffice."  *Id.*

Here, Hammock alleges nothing to show Virgin Mobile is not a private actor.  Nor did Hammock allege specific material facts showing the extent and scope of any alleged conspiracy.  Indeed, he did not allege a conspiracy at all.  Accordingly, the district court correctly concluded the private entities were not state actors and properly dismissed Hammock's Complaint.

13

## <u>CONCLUSION</u>

For the foregoing reasons, Hammock's Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), including that the statute of limitations was not met, and for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Respectfully submitted,

BELIN McCORMICK, P.C.

By _____ *Lead Counsel*
Michael R. Reck
Kelsey J. Knowles
Espnola F. Cartmill

666 Walnut Street, Suite 2000
Des Moines, IA 50309-3989
Telephone: (515) 283-4645
Facsimile: (515) 558-0645
E-mail: mrreck@belinmccormick.com
kjknowles@belinmccormick.com
efcartmill@belinmccormick.com
ATTORNEYS FOR APPELLEE VIRGIN
MOBILE

14

## CERTIFICATE OF COMPLIANCE

I hereby certify that Appellee Virgin Mobile's Brief complies with Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 3,940 words, excluding the parts of the Brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

_Shannon Olson_

## CERTIFICATE OF FILING

The undersigned certifies that on the 15th day of April, 2016, she

__X__ filed a copy of Appellee Virgin Mobile's Brief electronically;

**or**

____ Filed ten (10) copies of Appellee Virgin Mobile's Brief by mailing said copies to the Clerk of Court, United States Court of Appeals for the Eighth Circuit, Thomas F. Eagleton Courthouse, Room 24-329, 111 S. 10th Street, St. Louis, Missouri 63102.

_Shannon Olson_

Appellate Case: 16-1301    Page: 25    Date Filed: 04/18/2016 Entry ID: 4389504