# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

16-1301
CIVIL

## CALVIN HAMMOCK,
Appellant,

v.

## NASA HEADQUARTERS; DEPARTMENT OF DEFENSE; SPACE EXPLORATION TECHNOLOGIES SPACE X; APPLE; BLACKBERRY (CURVE) CORPORATION; VIRGIN MOBILE; MEDIACOM WIFI; AMERICAN WATER IOWA; UNKNOWN DEFENDANTS,
Appellee.

*APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA*
*HONORABLE JOHN A. JARVEY, U.S. DISTRICT COURT JUDGE*

## BRIEF OF APPELLEE

**Kevin E. VanderSchel**
*Acting United States Attorney*

**Mary C. Luxa**
*Assistant United States Attorney*
U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300

Attorneys for Appellee

## SUMMARY OF THE CASE

Calvin Hammock (Hammock) appeals the district court's dismissal of his *pro se* complaint alleging NASA, the Department of Defense, and other entities directed energy beams at his brain through his personal electronic devices, causing injury and a violation of his civil rights. Hammock raises three issues on appeal that pertain to the federal agency defendants: (1) the district court erred by dismissing the complaint before the United States answered; (2) he meets the threshold of *Iqbal* and *Twombly* by providing "patents and an unclassified electromagnetic battle management document"; and (3) the statute of limitations has not run as his injuries are continuing in nature. The United States submits that the district court properly dismissed Hammock's complaint as barred by the statute of limitations and for failure to plead facts stating a plausible claim for relief.

## STATEMENT REGARDING ORAL ARGUMENT

The United States suggests oral argument is unnecessary. Should the Court grant oral argument, ten minutes per party would be sufficient.

Appellate Case: 16-1301     Page: 2     Date Filed: 05/10/2016 Entry ID: 4397344

# TABLE OF CONTENTS

SUMMARY OF THE CASE ...................................................................i

STATEMENT REGARDING ORAL ARGUMENT ...................................i

TABLE OF CONTENTS ......................................................................ii

TABLE OF AUTHORITIES ................................................................iv

JURISDICTIONAL STATEMENT ......................................................1

STATEMENT OF THE ISSUES...........................................................2

STATEMENT OF THE CASE ..............................................................3

      A.    Procedural history...................................................................3
      B.    Statement of facts ..................................................................4

SUMMARY OF THE ARGUMENT ......................................................5

ARGUMENT ......................................................................................6

I.     The district court correctly found that the civil rights
       violations alleged in Hammock's complaint occurred beyond
       the two-year statute of limitations ..................................................6

      A.    Standard of review .................................................................6
      B.    The civil rights claim against the United States is
            barred by the Iowa two-year statute of limitations...............6

II.    Hammock's complaint fails to state a plausible claim for relief ... 12

      A.    Standard of review ...............................................................12
      B.    Hammock's complaint is clearly baseless, relying on
            delusional facts and theories within the realm of
            fantasy .................................................................................12

Appellate Case: 16-1301    Page: 3    Date Filed: 05/10/2016 Entry ID: 4397344

III. The district court was not required to receive the
government's answer before ruling on the motions to dismiss ..... 15

    A.    Standard of review ................................................. 15
    B.    The district court did not abuse its discretion in ruling
        on the co-defendants' motions to dismiss prior to the
        United States filing a responsive pleading .......................... 16

CONCLUSION ........................................................ 18

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) ........................ 19

CERTIFICATE OF SUBMISSION AND VIRUS SCAN ........................ 20

CERTIFICATE OF SERVICE ................................................. 21

APPENDIX

Appellate Case: 16-1301    Page: 4    Date Filed: 05/10/2016 Entry ID: 4397344

# TABLE OF AUTHORITIES

**CASES:**

*Archuleta v. Hedrick*, 365 F.3d 644 (8th Cir. 2004) ................................. 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................. 12, 13

*Baszak v. Federal Bureau of Investigation*, 816 F. Supp. 2d 66
    (D.D.C. 2011) ................................................................. 14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)................. 12, 13, 14

*Bickford v. United States*, 808 F. Supp. 2d 175 (D.D.C. 2010) ............... 14

*Bivens v. Six Unknown Named Agents of Federal Bureau of
    Narcotics*, 403 U.S. 388 (1971) .......................................... 8

*Board of Regents v. Tomanio*, 446 U.S. 478 (1980) .............................9-10

*Christian v. Crawford*, 907 F.2d 808 (8th Cir. 1990) ............................. 8

*District of Columbia v. Carter*, 409 U.S. 418 (1973) ............................. 7

*Employer's Reinsurance Co. v. Mass. Mut. Life Ins. Co.*, 654 F.3d 782
    (8th Cir. 2011)................................................................ 6

*Freitas v. Wells Fargo Home Mortgage*, 703 F.3d 436
    (8th Cir. 2013).......................................................... 12, 13

*Hagans v. Lavine*, 415 U.S. 528 (1974).................................................. 14

*H & Q Properties, Inc. v. Doll*, 793 F.3d 852 (8th Cir. 2015)............ 12, 15

*McClosky v. Mueller*, 446 F.3d 262 (1st Cir. 2006) ..............................7-8

iv

*Midwestern Machinery v. Northwest Airlines*, 392 F.3d 265 (8th Cir. 2004)...................................................................... 11

*Mosseaux v. United States*, 28 F.3d 786 (8th Cir. 1994) ......................... 8

*Newby v. Obama*, 681 F. Supp. 2d 53 (D.D.C. 2010) ............................. 14

*O'Brien v. Dept. of Justice*, 927 F. Supp. 382 (D. Ariz. 1995) ................ 15

*Penn v. Iowa State Bd. of Regents*, 999 F.2d 305 (8th Cir. 1993)........... 10

*Poor Bear v. Nesbitt*, 300 F. Supp. 2d 904 (D. Neb. 2004) ...................... 11

*Sanchez v. United States*, 49 F.3d 1329 (8th Cir. 1995) ........................... 9

*Selvy v. Dept. of Housing and Urban Development*, 371 F. Supp. 2d 905 (E.D. Mich. 2005)..................................................................14-15

*Smithrud v. City of St. Paul*, 746 F.3d 391 (8th Cir. 2014) .................... 16

*Tooley v. Napolitano*, 586 F.3d 1006 (D.C. Cir. 2009)............................ 14

*United States v. Kubrick*, 444 U.S. 111 (1979) ....................................... 10

*Vennes v. An Unknown Number of Unidentified Agents*, 26 F.3d 1448 (8th Cir. 1994)........................................................................ 8

*Wallace v. Kato*, 549 U.S. 384 (2007) ....................................................... 9

*Washington v. Normandy Fire Protection Dist.*, 328 F.3d 400 (8th Cir. 2003)....................................................................15-16

*Williams v. Rogers*, 449 F.2d 513 (8th Cir. 1971) ..................................... 8

*Wilson v. Garcia*, 471 U.S. 261 (1985) ................................................. 8, 9

v

**STATUTES:**

28 U.S.C. § 2401(b) ................................................................ 7

42 U.S.C. § 1983 .................................................................... 7

Iowa Code § 614.1(2) ............................................................ 9

**OTHER AUTHORITIES:**

Fed. R. Civ. P. 1 ................................................................... 16

Fed. R. Civ. P. 12(h)(3) ........................................................ 16

Local Rule 7(e) ................................................................. 16-17

Appellate Case: 16-1301     Page: 7     Date Filed: 05/10/2016 Entry ID: 4397344

## JURISDICTIONAL STATEMENT

This is an appeal from a final order of the United States District Court for the Southern District of Iowa dismissing Hammock's complaint. The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. Hammock filed a timely notice of appeal on January 22, 2016.

Appellate Case: 16-1301    Page: 8    Date Filed: 05/10/2016 Entry ID: 4397344

# STATEMENT OF THE ISSUES

I.   Whether Hammock filed his complaint alleging civil rights violations beyond the applicable two-year statute of limitations.

   1. *Wilson v. Garcia,* 471 U.S. 261 (1985)
   2. *Employer's Reinsurance Co. v. Mass. Mut. Life Ins. Co.,* 654 F.3d 782 (8th Cir. 2011)
   3. *Sanchez v. United States,* 49 F.3d 1329 (8th Cir. 1995)
   4. *Poor Bear v. Nesbitt,* 300 F. Supp. 2d 904 (D. Neb. 2004)

II.  Whether Hammock's complaint alleges facts which state a plausible claim for relief.

   1. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)
   2. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)
   3. *Hagans v. Lavine*, 415 U.S. 528 (1974)
   4. *H & Q Properties, Inc. v. Doll*, 793 F.3d 852 (8th Cir. 2015)

III. Whether the district court erred in dismissing Hammock's complaint before the United States filed its answer.

   1. *Smithrud v. City of St. Paul,* 746 F.3d 391 (8th Cir. 2014)
   2. *Washington v. Normandy Fire Protection Dist.,* 328 F.3d 400 (8th Cir. 2003)

Appellate Case: 16-1301   Page: 9   Date Filed: 05/10/2016 Entry ID: 4397344

# STATEMENT OF THE CASE

## A.    Procedural history

On October 16, 2015, Hammock filed a *pro se* complaint, alleging claims sounding in tort and civil rights violations. (G. App. 15)[1]. The United States sought an extension of time to answer the complaint. (G. App. 94, ECF 48). Co-defendants Virgin Mobile, Apple Inc., MCC Iowa, LLC d/b/a Mediacom, Space Exploration Technologies Corp. (Space X), and Iowa-American Water Company filed motions to dismiss. (G. App. 98, ECF 9, 11; G. App. 97, ECF 19, 21; G. App. 95, ECF 46). Co-defendant Blackberry Corporation moved to quash service of process. (G. App. 95, ECF 45). On January 13, 2016, the district court granted the motions to dismiss and to quash and denied the government's motion for extension as moot. (G. App. 1-2). Hammock filed a timely notice of appeal on January 22, 2016. (G. App. 94, ECF 51).

---

[1] In this brief, the following abbreviations will be used:
"Br." – refers to Hammock's brief, followed by the page number; and
"G. App." – refers to the government's appendix, followed by the page number.

Appellate Case: 16-1301    Page: 10    Date Filed: 05/10/2016 Entry ID: 4397344

## B.    Statement of facts

In his complaint, Hammock alleged that on May 22, 2012, he was in the basement of his home "watching the NASA Space X Falcon Engine Dragon liftoff on his Apple Mac Book Pro laptop right next to Plaintiff's leg, on Mediacom wifi network . . . while Plaintiff's Blackberry Curve cellphone was on using the Virgin Mobile wireless network less than 12 inches from Plaintiff, with an Iowa American Water smartmeter [sic] wireless network on approximately 20 feet away in the next room." (G. App. 28). He claimed that NASA and the Department of Defense, along with the other entities, targeted his cerebellum with "Direct Energy Weapons" causing his cerebellum to vibrate with accompanying pain shocks to his body. (G. App. 29). Hammock further alleged that he had "suffered daily since the NASA Space X liftoff by microwave voices that may be part of some artificial intelligence program and/or real time person subjecting Plaintiff to harassment and even forced images when Plaintiff's brain hz [sic] frequency is at rest." (G. App. 32-33).

4

The motions to dismiss argued that Hammock had failed to state a claim upon which relief can be granted, violated the statute of limitations, failed to demonstrate the non-government defendants were "state actors" for purposes of 42 U.S.C. § 1983, and the complaint failed to allege a discriminatory motive pursuant to 42 U.S.C. § 1985. (G. App. 1-2). In its order dismissing the complaint, the district court stated:

> The court grants the motions to dismiss and to quash for each of the reasons cited by the defendants. At its core, this complaint fails to include sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The non-governmental entities sued in this matter are not state actors for purposes of 42 U.S.C. § 1983. The complaint was not filed within the statute of limitations.

(G. App. 2).

## SUMMARY OF THE ARGUMENT

While Hammock's Federal Tort Claims Act claim may have been timely filed, the civil rights violations alleged against the federal defendants fall outside the Iowa two-year statute of limitations applicable to 42 U.S.C. § 1983 and *Bivens* actions. The complaint alleges delusional facts and theories and fails to state a claim for relief plausible

5

on its face. The district court did not abuse its discretion in granting the motions to dismiss before the United States filed an answer or other responsive pleading.

## ARGUMENT

I. **The district court correctly found that the civil rights violations alleged in Hammock's complaint occurred beyond the two-year statute of limitations.**

### A. *Standard of review*

This Court conducts a *de novo* review of a district court's dismissal of a complaint on statute of limitations grounds. *Employer's Reinsurance Co. v. Mass. Mut. Life Ins. Co.*, 654 F.3d 782, 791 (8th Cir. 2011).

### B. *The civil rights claim against the United States is barred by the Iowa two-year statute of limitations.*

Hammock's complaint alleges claims sounding in tort, "Defendant NASA and their Partner Space X have an obligation to not have sent pain signals to Plaintiff . . . Defendants were grossly negligent in allowing these pain signals, vibration signals to occur at exact moments and seconds of Defendant spacecraft liftoff." (G. App. 36). Hammock also alleges civil rights violations: "[t]his is a civil rights action brought under

6

42 U.S.C. § 1983, 42 U.S.C. § 1985 against Defendant NASA and Partner SPACE X" (capitalization in original). G. App. 18).

While it appears that Hammock's complaint was timely filed under the Federal Tort Claims Act[2], his civil rights allegations are barred by the state of Iowa's two-year statute of limitations for personal injury actions. Sections 1983 and 1985 do not apply to the United States, as neither the United States nor its agencies are "persons" or "state actors" under the statutes. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege a constitutional violation and must show the violation was committed by a "person" "acting under color of state law."

A § 1983 claim will not ordinarily lie against a federal official. *District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973) (given that a § 1983 complaint requires action under color of state law, such a claim ordinarily will not lie against a federal actor); *see also*, *McClosky v.*

---

[2] Under the Federal Tort Claims Act, 28 U.S.C. § 2401(b), a tort claim against agencies of the United States must be presented to the agency within two years of the accrual of the claim, and the complaint must be filed within six months after the agency's notice of final denial. Hammock alleges his injury occurred on May 22, 2012. (G. App. 28). He submitted his claim forms to NASA and the Department of Defense on February 7, 2014. (G. App. 87-88). He filed his complaint on October 16, 2015, having not received a notice of final denial from either agency. (G. App. 15)

Appellate Case: 16-1301    Page: 14    Date Filed: 05/10/2016 Entry ID: 4397344

*Mueller*, 446 F.3d 262, 271 (1st Cir. 2006) (same); *Williams v. Rogers*, 449 F.2d 513, 517 (8th Cir. 1971) (§ 1983 does not apply to federal officials acting under federal law). This Court has also held that the United States cannot be sued under 42 U.S.C. § 1985(3). *Mosseaux v. United States*, 28 F.3d 786, 787 (8th Cir. 1994).

Hammock's civil rights claims against the United States and its agencies are in reality a *Bivens* action.[3] Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), an individual may sue federal agents for money damages when the agents have allegedly violated the person's constitutional rights. *Id*. at 395. Claims for damages for civil rights violations are best characterized as personal injury actions for statutes of limitations. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985) *abrogated on other grounds*. This Court has characterized *Bivens* actions as analogous to 42 U.S.C. § 1983 actions. *Vennes v. An Unknown Number of Unidentified Agents*, 26 F.3d 1448, 1452 (8th Cir. 1994). *See also*, *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990) (*per curiam*) ("An action under *Bivens* is almost identical

---

[3] This Court has the duty to construe *pro se* complaints liberally. *Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004) (*pro se* habeas petitions liberally construed).

Appellate Case: 16-1301     Page: 15     Date Filed: 05/10/2016 Entry ID: 4397344

to an action under § 1983, except that the former is maintained against federal officials while the latter is against state officials.").

Given the similarity between § 1983 actions and *Bivens* suits, the same statute of limitations applies to each. *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995) (*per curiam*). The statute of limitations for § 1983 actions (and also for *Bivens* claims) is the statute of limitations for personal injury actions in the state where the claim accrued. *Wilson*, 471 U.S. at 280. Hammock's claim accrued in Iowa, and therefore, Iowa's personal injury limitations statute applies. That statute requires plaintiffs to bring personal injury claims within two years after the claim accrues. Iowa Code § 614.1(2).

While Iowa law provides the applicable statute of limitations, federal law governs when Hammock's claim accrued. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "Aspects of § 1983 which are not governed by reference to state law are governed by federal rules conforming in general to common-law tort principles. Under those principles, it is the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action." *Id.* at 388 (claim for false arrest accrued on the date the wrongful arrest occurred). *See also*, *Board of Regents v.*

9

*Tomanio*, 446 U.S. 478, 484-86 (1980) (federal law governs when a cause of action under a federal claim accrues); *United States v. Kubrick*, 444 U.S. 111, 121-23 (1979) (claim accrues when the plaintiff knows or has reason to know of the injury). This Circuit also looks to the face of the complaint in determining when a claim accrues for a § 1983 action. *Penn v. Iowa State Bd. of Regents*, 999 F.2d 305, 307 (8th Cir. 1993). Given the recognized similarity between § 1983 claims and *Bivens* actions, the above principles also apply to claim accrual determinations in *Bivens* cases.

Hammock's complaint alleges he experienced his cerebellum vibrating and accompanying pain sensations on May 22, 2012, at the same time of the liftoff of the Space X Falcon Engine Dragon. (G. App. 28). Hammock's claim accrued under federal law on May 22, 2012, the day he knew or had reason to know of his injury. He filed his complaint on October 16, 2015, well outside the applicable statute of limitations.

Hammock argues his injuries have been "continual in nature from the date of May 22, 2012," and therefore, he filed his complaint within the statute of limitations. (Br. 31-32). Hammock's complaint alleges

10

several instances in which he experienced similar sensations. He claims on September 7, 2012, while watching the Democratic Convention, he was "hit with some type of Directed Energy beam." (G. App. 30). He also alleges that on November 3, 2012, while at a rally for President Obama, he

> had the same Blackberry Curve cell phone on and felt a similar yet different radiated pulse hit the top of [his] skull cranium and seem to pull an elongated energy stream from [his] skull (something [he] had never felt before or sense [sic]).

(G. App. 31). However, none of these instances fall within the two-year limitations period.

Hammock cites *Midwestern Machinery v. Northwest Airlines*, 392 F.3d 265 (8th Cir. 2004) for his argument that continuing violations somehow extend the statute of limitations in his case. (Br. 32). However, *Midwestern Machinery* involved the applicability of a continuing violation in a Clayton Act case, *Id.* at 269, and is inapplicable here. Moreover, at least one court in this Circuit has held that the continuing violation doctrine is inapplicable to a § 1983 action. *See*, *Poor Bear v. Nesbitt*, 300 F. Supp. 2d 904, 913 (D. Neb. 2004) (noting the Eighth Circuit has recognized the doctrine in the context of employment

11

disputes, but finding no binding authority that the doctrine applies in the § 1983 context). This Court should decline to apply the continuing violation doctrine to Hammock's *Bivens*-type claims and should dismiss them as beyond the statute of limitations.

## II. Hammock's complaint fails to state a plausible claim for relief.

### A. *Standard of review*

This Court conducts a *de novo* review of a dismissal pursuant to Fed. R. Civ. P. 12(b)(6). *H & Q Properties, Inc. v. Doll*, 793 F.3d 852, 855 (8th Cir. 2015).

### B. *Hammock's complaint is clearly baseless, relying on delusional facts and theories within the realm of fantasy.*

Assuming, *arguendo*, that the statute of limitations does not bar Hammock's civil rights allegations, his complaint utterly fails to clear the hurdle of stating "a claim for relief which is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007); *Freitas v. Wells Fargo Home Mortgage*, 703 F.3d 436, 438 (8th Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

12

court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Id*. A well-pleaded complaint must contain more than mere labels and conclusions. *Iqbal,* 556 U.S. at 678.

Hammock's claims are baseless, delusional, and exist only in the realm of fantasy. Thus, there is no reasonable probability that [he] would be able to produce any evidence of his outlandish claims. He has "not nudged [his] claims across the line from conceivable to plausible." *Bell Atlantic*, 550 U.S. at 570.

Hammock argues the district court erred by ignoring the "factual evidence" he submitted in support of his allegations. (Br. 30). He claims he submitted evidence of patents and an unclassified military document which demonstrates his complaint is not only plausible, "but the technological ability exists and is deployed in certain circumstances and situations being done outside of statutory and constitutional authority . . .". (Br. 31). The "patents" included in Hammock's complaint demonstrate no ties to the United States government, and there was no basis for the district court to infer that the patents establish liability on the part of any of the defendants. In a brief resisting the motions to dismiss, Hammock attached a presentation given by Major Jay Yniguez of the

13

joint Electronic Warfare Center in support of his claims. (G. App. 97, ECF 25). As this presentation was not part of the complaint, the district court was not required to review it to determine whether Hammock had filed a plausible claim. *See*, *Twombly*, 550 U.S. at 555 (the factual allegations in the complaint must be sufficient to raise a right to relief above the speculative level).

"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (internal citation and quotation omitted). Such claims are those arising from "bizarre conspiracy theories" or "fantastic government manipulation of [one's] will or mind." *Baszak v. Federal Bureau of Investigation*, 816 F. Supp. 2d 66, 69 (D.D.C. 2011). *See also*, *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (claims alleging illegal wiretapping, radio frequency tags, and other surveillance activities essentially fictitious); *Bickford v. United States*, 808 F. Supp. 2d 175, 182 (D.D.C. 2010) (plaintiff alleged implantation of "tracking devices" inside her by government officials); *Newby v. Obama*, 681 F. Supp. 2d 53, 55 (D.D.C. 2010) (plaintiff alleged various government agencies were

14

conspiring against her and various officials were stalking her); *Selvy v. Dept. of Housing and Urban Development*, 371 F. Supp. 2d 905, 908-09 (E.D. Mich. 2005) (vast international conspiracy run by the "Freemason movement" had persecuted plaintiff since childhood); *O'Brien v. Dept. of Justice*, 927 F. Supp. 382, 384-85 (D. Ariz. 1995) (plaintiff alleged government installed electronic and "high tech satellite" equipment on plaintiff's phone lines in order to conduct criminal attacks and rape assaults against her). Hammock's complaint falls squarely within the fantastical allegations dismissed in the cases cited above, and the district court correctly dismissed his complaint for failure to state a claim.

## III. The district court was not required to receive the government's answer before ruling on the motions to dismiss.

### A. Standard of review

While this Court conducts *de novo* review of a district court's motion to dismiss for failure to state a claim, *H & Q Properties*, 793 F.3d at 855, Hammock complains here of the <u>timing</u> of the district court's order – before the United States filed its answer or responsive pleading. Such a procedural issue is reviewed for an abuse of discretion. *See*, *e.g.*,

15

*Washington v. Normandy Fire Protection Dist.*, 328 F.3d 400, 406 (8th Cir. 2003) ("[t]he rules [of civil procedure] give wide authority and discretion to the district court to manage its caseload.").

### B. The district court did not abuse its discretion in ruling on the co-defendants' motions to dismiss prior to the United States filing a responsive pleading.

Hammock argues the district court abused its discretion by dismissing his complaint before the federal defendants filed their answer. (Br. 29). A district court construes the civil procedure rules "to secure the just, speedy, and inexpensive determination of every act and proceeding." Fed. R. Civ. P. 1. In fact, the Rules *require* a district court to dismiss any action in which it lacks subject matter jurisdiction, Fed R. Civ. P. 12(h)(3), and the court may *sua sponte* at any time dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014).

Moreover, Local Rule 7(e) for the Southern District of Iowa provides a mechanism addressing Hammock's argument. The rule provides:

> If a motion appears noncontroversial, or if circumstances otherwise warrant, the court may elect to rule on a motion

16

without waiting for a resistance or a response. Any party may, within 7 days after any such order is entered, file a motion for reconsideration of the order.

In this case, the circumstances warranted dismissal of the complaint where the government's response would have been a motion to dismiss raising the same or similar grounds as the defendants. Hammock never moved for reconsideration on the ground the United States had not yet answered or filed a responsive pleading. Therefore, the district court did not abuse its discretion in dismissing the complaint and finding the government's motion for an extension of time to answer as moot.

Appellate Case: 16-1301    Page: 24    Date Filed: 05/10/2016 Entry ID: 4397344

## CONCLUSION

For the foregoing reasons, the United States respectfully requests
this Court affirm the district court's order dismissing the complaint.

Respectfully Submitted,

Kevin E. VanderSchel
Acting United States Attorney

By: */s/ Mary C. Luxa*
Mary C. Luxa
Assistant United States Attorney

U. S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel:   (515) 473-9300
Fax:   (515) 473-9282
Email: mary.luxa@usdoj.gov

18

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

This brief complies with the type-volume limitation of Fed. R. G. App. P. 32(a)(7)(B) because this brief contains 3,180 words, excluding the parts of the brief exempted by Fed. R. G. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. G. App. P. 32(a)(5) and the type style requirements of Fed. R. G. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Century Schoolbook font, 14 point.

Dated:   May 10, 2016.

By:   */s/Mary C. Luxa*
Mary C. Luxa
Assistant United States Attorney

U. S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel:   (515) 473-9300
Fax:   (515) 473-9282
Email: mary.luxa@usdoj.gov

19

## CERTIFICATE OF SUBMISSION AND VIRUS SCAN

I hereby certify that on this 10th day of May 2016, I electronically submitted the BRIEF OF APPELLEE with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system after scanning it for viruses by using the Trend MicroOffice scan software program, which reported no viruses were found. Paper copies will be transmitted upon receipt of the Notice of Filing from the Clerk of Court.

*/s/Shelly Robertson*
Legal Assistant

20

# CERTIFICATE OF SERVICE

I hereby certify that I did on this        day of May, 2016, mail a true and correct copy of the foregoing BRIEF OF APPELLEE by placing it in the U. S. mail, postage prepaid and addressed to the following:

Calvin Hammock
5106 Brown Street
Davenport, IA 52806

Christopher Cardaci
1030 15th Street, NW, Suite 200E
Washington, DC 20005

Philip A. Burian
Simmons Perrine Moyer
Bergman PLC
115 Third Street, SE, Suite 1200
Cedar Rapids, IA 52401-1266
*Attorney of Apple, Inc.*

Todd M. Lantz
Mark E. Weinhardt
Weinhardt & Logan, PC
2600 Grand Avenue, Suite 450
Des Moines, IA 50312
*Attorneys for Blackberry Corp.*

Terri L. Combs
Faegre Baker Daniels LLP
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309
*Attorney for MCC Iowa LLC
d/b/a Mediacom*

Amanda A. James
Dennis L. Puckett
Sullivan & Ward, PC
6601 Westown Parkway, Suite 200
West Des Moines, IA 50266
*Attorneys for Iowa-American Water
Company*

Cameron A. Davidson
Pappas Davidson O'Connor &
Fildes, PC
1617 Second Avenue, Suite 300
Rock Island, IL 61201
*Attorney for Space Exploration
Technologies*

Michael J. Reck
Kelsey J. Knowles
Espnola F. Cartmill
Belin McCormick, P.C.
666 Walnut Street, Suite 2000
Des Moines, Iowa 50309-3989
*Attorneys for Virgin Mobile*

21

Appellate Case: 16-1301    Page: 28    Date Filed: 05/10/2016 Entry ID: 4397344

_____

Shelly Robertson
Legal Assistant
U. S. Attorney's Office
U. S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel:   (515) 473-9300
Fax:  (515) 473-9282

22