# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

## CASE NO 16-1301

Calvin Hammock

Plaintiff / Appellant

v

NASA, et. al

Defendant Appellees.

Appeal from The UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

Judge John Jarvey

Plaintiff / Appellants Reply Brief

Calvin Hammock

5106 Brown Street

Davenport, Iowa 52806

RECEIVED

MAY 25 2016

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

# CERTIFICATE OF SERVICE

I Calvin Hammock certify under the penalty of perjury that I placed Reply
Brief 16-1301 in the U.S. mail to be delivered to the UNITED STATES
COURT OF APEALS FOR THE EIGHTH CIRCUIT on Tuesday May 24,
2016.

Date May 24, 2016

Notary Signature

State of Iowa
County of Scott

JONI KAASA
Commission Number 743556
My Comm Exp. 10-20-18

# TABLE OF CONTENTS

Certificate of Service

Table of Contents                                    pg. i,ii

Index of Authorities                                 pg. iii

INTRODUCTION TO PLAINTFFS REPLY BRIEF                 pgs 1, 2

QUESTIONS AND ISSUES PRESENTED IN
PLAINTIFFS REPLY TO THE COURT REGARDING
SHARED ELECTROMAGNETIC SPECTRUM OF
COMMERCIAL PRODUCTS AND NASA, DOD
ACCESS WITHIN THIS SHARED SPECTRUM                   pgs. 3-11

**ARGUMENT I**
**DISTRICT COURT ERRED DISMISSING**
**PLAINTIFF'S COMPLAINT**                            pgs. 11-15

**ARGUMENT II**
**DISTRICT COURT ERRONEOUSLY CONSTRUED**
**THE IOWA STATUTE OF LIMITATIONS**
**REGARDING PERSONAL INJURY FROM PRODUCTS** pgs. 15-17

**ARGUMENT III**
**PRIVATE DEFENDANTS BECOME STATE ACTORS**
**UNDER GRIFFIN V BECKENRIDGE 403 US 88**            pgs 17-19

**ARGUMENT IV**
**DISTRICT COURT ALLOWED SPACE X TO**
**FILE A MOTION TO DISMISS OUTSIDE OF**
**FED. RULE CIV. PROC 12(a)(1)(A)(i) &**
**LOCAL JURISDICTIONAL RULE  5.2.l.1.**              pgs. 19-20

i

**ARGUMENT V**
**DISTRICT COURT DENIED PLAINTIFF**
**OPPORTUNITY TO FILE A RESPONSE TO IOWA**
**AMERICAN WATER AND RESPOND TO**
**BLACKBERRY MOTION TO QUASH**                    pgs. 20-22


CETRIFICATE OF COMPLIANCE                         pg 23

ii

# TABLE OF AUTHORITIES

Ashcroft v Iqbal 556 U.S. 622                          pg. 6, 13

Bell Atlantic v Twombly 550 U.S. 544                   pg. 6, 13

Fed. Rule Civ. Proc. 8(a)(2)                           pg. 9

Fed. Rule Civ. Proc. 8 (6)                             pg. 8, 20

Fed. Rule Civ. Proc 12(a)(1)(A)(i)                     pg. 8. 19

Fed. Rules of Evidence  301                            pg. 2, 4, 7, 13

Griffin v Breckenridge 403 U.S. 88 at 102, 103         pg 17, 18

Iowa Code 614.1  2A With Respect to Products           pg 5, 16

Johnson v City of Shelby 135 S.Ct 346, 347             pg. 6, 9, 13, 14

Local Jurisdictional Rule 5.2 l.1.                     pg. 19

Local Jurisdictional Rule 7e                           pg 20

Milbrook v United States 133 S.Ct 1441 (2013)          pg. 9

Major Jay Yniguez Electromagnetic
Battle Management Document                             pgs. 2, 4, 6, 11, 12, 13

42 USC 1985 (3)                                        pgs 17, 18

# INTORDUCTION TO PLAINTIFF'S REPLY BRIEF

The issues presented to the Appellate Court in Plaintiffs reply brief will be short and concise. The United States Attorney has filed its first response to Plaintiffs Civil Suit against the United States and its agencies in the United States Appellee Brief to the Eighth Circuit Court of Appeals.

The United States has presumptively characterized Plaintiff the same as the other Co-Defendants stating Plaintiff is, "Delusional and Fantastical."

Plaintiff has stated that he has been attacked through the United States co- defendants commercial product services through the electromagnetic spectrum starting on May 22, 2012 during the NASA Space X Collaborated Dragon Falcon Engine Liftoff, 19 days after Plaintiff sent a complaint with documentation to the United States Justice Department of local police and prosecutor using the state judiciary to violate plaintiffs federally protected state created liberty interest, (see DKT 1 pg 14 -15 of 29 at #11 -14) on a continuous basis since the day of May 22nd, 2012.

Thus far Defendants including the asst. United States attorney are alleging Plaintiffs claims are delusional & fantastical. The asst. United States attorney has not provided any documentation informing the Court there was a written inquiry by certified mail, email, or telephone inquiry

made to NASA or the Defense Department to question the existence of such weaponized electromagnetic spectrum technology that can assume electromagnetic spectrum access within the EMS by which defendant product services operate causing the biological sensations plaintiff plainly and concisely stated in Plaintiffs complaint.

There has not been any inquiries added to the record made by asst. U.S. attorney to Major Jay Yniguez at the Joint Electronic Warfare Center Future Capabilities Division, as Plaintiff provided unclassified military evidence to rebut Defendants presumption of Plaintiff being delusional and fantastical, in accordance with Federal Rules of Evidence 301. Nor has the asst U.S. attorney stated she is qualified as a military technological expert to state Major Jay Yniguez's unclassified Electromagnetic Battle Management document is a fake and DOD doesn't have these capabilities to cause the biological sensations plaintiff described to his targeted person within the electromagnetic spectrum as Plaintiff shortly and plainly stated in the original complaint.

The main questions presented to the Court will are:

2

# QUESTIONS AND ISSUES PRESENTED IN PLAINTIFFS REPLY TO THE COURT REGARDING SHARED ELECTROMAGNETIC SPECTRUM OF COMMERCIAL PRODUCTS AND NASA, DOD ACCESS WITHIN THIS SHARED SPECTRUM

1.    Does the United States Department of Defense and/ or NASA agencies possess technology that can heterodyne (piggyback ) assume electromagnetic spectrum access to defendant product services within the electromagnetic spectrum, i.e. cellular signals, cellular phones, wifi frequencies, smart meters,  magnetic fields generated from computer monitors, laptops within which these product services operate?

2.   If the answer is yes, does that electromagnetic access allow those signals, frequencies and  magnetic fields through defendant Product services within the Electromagnetic Spectrum to be manipulated if so

3

desired to cause the sensations Plaintiff described that occurred to Plaintiff in his complaint?

3. Is the asst U.S. attorney a military technological expert that can swear to the existence or non existence of this technological ablity?

4. Did the asst U.S. attorney file any inquiries to NASA and or Department of Defense asking of the existence of specific technological ability within NASA and or Department of Defense signal intelligence agencies of 21st century weapons development ability i.e cots, high powered microwaves, active denial systems, maser, lasers etc that can cause the biological sensations plaintiff alleges happen to him in his complaint?

5. Does the presentation of Plaintiffs evidence ( Dkt. 25, pages 16-20 filed 12/21/15) in accordance with Federal Rules of Evidence 301 unclassified Electromagnetic Battle Management document with contact information by Major Jay Yniguez allow the attorneys and Court within this lawsuit an ability to question with ease the existence of spectrum capabilities to an agency of the defense department ( Joint Electronic Warfare center)? Also because all attorneys have presumptively characterize Plaintiff as delusional and fantastical, per Federal Rules of Evidence 301 Plaintiff is allowed to present this unclassified United States military documented evidence to the Court to

4

rebut defendant attorneys characterizations of Plaintiff as 'delusional and fantastical.'

6. Does this lawsuit about being injured through the electromagnetic spectrum allow and mandate the asst. United States attorney to make legal inquiries to NASA and the United States military agencies of the existence of such weapons even if some of such technological ability is classified?

7. Defendants have erroneously stated that there is a 2 year statute of limitation of injuries thru products in Iowa when in fact Iowa Code 614.1 at 2(A) **with respect to products** is 15 years.

8. The ability of the United States military agencies to assume full access within the shared space of the electromagnetic spectrum of commercial product services and that technological ability allows signals and frequencies to be heterodyned and manipulated allows Plaintiff to reach the threshold of alleging facts which state a plausible claim for relief. Plaintiff has shown this capability within the electromagnetic spectrum exists and provided military documentation as well as military contact information that would allow the attorneys for defendants to truthfully respond to the existence of such capability instead of falsely mischaracterizing Plaintiff as delusional and fantastical in order to

*5*

avoid these 21st century technological questions within the Judicial legal arenas of the United States.

Johnson v City of Shelby 135 S. Ct 346 (2014) reminds the court and attorneys That *Bell Atlantic Corp. v Twombly 550* U.S. *544* and *Ashcroft v. Iqbal 556* U.S. *662* are not on point, for they concern the factual allegations a complaint must contain to survive a motion to dismiss. Plaintiff's presentation of the unclassified military document by Major Jay Yniguez ( Dkt 25 pages 16-20 filed 12/21/15) show facts that an agency of the Department of Defense has publicly stated **"We assume full EMS access,"** defendant product services operate within the electromagnetic spectrum by their own corporate admissions of wifi, cellular, smart meter signal ability thus brings Plaintiff to Summary of the Arguments

# SUMMARY OF THE ARGUMENTS

Plaintiff filed a Federal Claim to NASA and Department of Defense for being assaulted on a continuous basis through the electromagnetic

6

spectrum that started May 22, 2012 during the NASA SPACE X

collaborated Dragon Falcon engine Liftoff, (Dkt. 1-1 pages 12-17 February 7,

2014). Plaintiff still has received no response from NASA or DOD regarding

such claim. On October 16, 2015 Plaintiff filed Federal Complaint within

the statutory time to file upon the Federal Government and within the 15

year Iowa Statute of Limitation of being injured with respect to Products.

All attorneys have presumptively characterized Plaintiff is delusional and

fantastical, and Plaintiffs has as allowed per Federal Rules of Evidence 301

rebutted defendants presumptive characterizations by submitting per

Federal Rules of Evidence 301, evidence of spectrum capabilities. In said

document the military is admittedly assuming FULL ACCESS within the

EMS, (Dkt 25 pages 16-20 filed 12/21/15). Defendant commercial product

services operate by their own advertised admissions within the

electromagnetic spectrum and the U.S. military is admitting assuming

FULL ACCESS within that spectrum.

Defendants have made the gist of their arguments to dismiss Plaintiff's

lawsuit in summary denying that agencies within the United States govt

NASA and Department of Defense cannot ASSUME FULL

ELECTROMAGNETIC SPECTRUM ACCESS meaning the ability to access

the same spectrum defendant product services operate in. And their denial

7

is stating this access which defendants are claiming doesn't exist is not part of the United States Military technological ability. The existence of this military capability has been made known to the general public in active denial systems, MASER, High Powered Microwaves, Lasers etc in some cases as a form of crowd control in lethal and non lethal weapons deployment. Defendants are claiming this technology and these weapons don't exist therefore Plaintiff has imagined what has and is publicly documented in particular (Dkt 25 pages 16-20 filed 12/21/15).

Defendant Space X was allowed to file a Motion to Dismiss outside of Federal Rules of Civil Procedure 12 (a) (1)(A)(i) as Space X did not file a response to Plaintiffs complaint within 21 days and per Fed. R. Civ. Proc. 8 (6) admitted Plaintiffs allegation *Effect of Failing to Deny an Allegation."* by the District Court as stated in Plaintiffs Appeal Brief. Defendant Space X has stated they are not to be held liable for injuring Plaintiff with NASA during liftoff and subsequent spectrum assaults which in turn has violated Plaintiffs constitutional rights and Federal Torture Statute 18 USC 2340, 2340a and that they are a Private company not bound by the Constitution even though they are in Contractual Partnership with the United States Agency NASA as stated in Inspector Generals Report IG -13-016( Dkt 1-1 pages 41, 42, 43 filed 10/16/15). Plaintiff argues they are bound by the

8

Constitution as they are engaged in a Partnership of shared activities with the United States govt. where Plaintiff was injured initially from the electromagnetic spectrum and on a continuous basis from the EMS

Plaintiff is not an attorney and Plaintiff's Complaint is not required to quote legal theories in this lawsuit where Plaintiff was injured. All Plaintiff is required to do as stated in United States Supreme Court decision *per curiam* Johnson v City of Shelby 135 S.Ct 346, 347 (2014) and Fed. R.Civ. Proc. 8(a)(2) is to make a short and plain statement to show Plaintiff is entitled to relief. The question for the Court and the attorneys are simple, **Does the technology exist by NASA, DOD agencies that cause the biological sensations by signal through the EMS plaintiff complained about?** If so then the duty of the asst. U.S. attorney was to inquire to those agencies: who was given instruction within their professional duties to assault Plaintiff by signals within the EMS causing Plaintiff severe physical pain to invoke stimuli as well as induce Plaintiff psychologically as some form of berating submission technique? Millbrook v United States 133 S.Ct. 1441 (2013) Supreme Court held in a unanimous decision Justice Thomas gave opinion of the court, the Federal Tort Claims Act waiver of sovereign immunity for intentional torts committed by law enforcement officers was not limited to investigative activities thereby

9

making Federal Employees liable when an injury occurs upon a person even if they are in the role of performing their duties when those injuries occur. In this case Plaintiff may have been part of some sort of signal intelligence technique once Plaintiff complained to the Justice Department as it appears it was to keep plaintiff from complaining to redress grievances at a Federal Level? Plaintiff's evidentiary proof and public awareness of this technological capability exists within the United States NASA and/ or DOD agencies means Plaintiff has reached the plausibility threshold. There are no shell casings for these type of 21st century weapons where ballistic analysis can be done. NSA specializes in signals intelligence which is just one dept of the DOD and is often used by the same Department of Justice Plaintiff complained to stating his rights were violated by local prosecutor and police, and 19 days after mailing those complaints Plaintiff experienced the back of his cerebellum vibrating for 15 -25 seconds on May 22, 2012 where Space Exploration Technologies Dragon Falcon Engine lifted off and since has experienced different levels physiologically and psychologically as what seems to Plaintiff to be some form of modern day slave whipping technique through the Electromagnetic Spectrum to subdue Plaintiff psychologically and physiologically to alter plaintiffs mental state. Space X was paid a substantial milestone partner payment by the United

/D

States Govt where Plaintiffs initial injuries began and that is why Plaintiff

complaint is for the amount of 100 million dollars as that is approx. 18 -33

million dollars less than what Space Exploration Technologies was awarded

for The Successive Liftoff on May 22, 2012 and docking of the Dragon

Capsule where Plaintiff was injured. Plaintiff divided the sum 1.6 Billion

by 12 flights as Space Explorations contract in the Inspectors General

Report 13-016 ( Dkt 1-1 pages 41-43) states the sum to be.


# ARGUMENT I

# DISTRICT COURT ERRED DISMISSING

# PLAINTIFFS COMPLAINT

---

At the gist of Plaintiffs complaint is the Electromagnetic Spectrum

Capability within certain department agencies within the Defense

Department and NASA to heterodyne commercial defendant product

services that operate within electromagnetic spectrum to deliver pain and

injury upon Plaintiffs person. The United States Joint Electronic Warfare

Center through an Unclassified Documentation Presentation by Major Jay

ll

Yniguez titled Electromagnetic Battle Management (Dkt 25 filed 12/21/15) substantiates the existence of technology that allows **'full access'** within the electromagnetic spectrum and the Military stating they Assume Full Access within this Electromagnetic Spectrum within which commercial defendants product services operate in. Defendant Apple according to its product MacBook Pro design specifications generates an electromagnetic field ( divisions of the DOD assumes full access of this field), Defendant Blackberry Curve Cellular phone is a product device manufactured to send and receive cellular signals within the electromagnetic spectrum at certain frequency bands. Defendant Virgin Mobile provides a product cellular network service within the electromagnetic spectrum at certain band frequencies. Mediacom Wifi provides a product service within the electromagnetic spectrum that generates product frequencies to consumers to use in concert with devices such as Plaintiffs Mac Book Pro's magnetic field is able to receive those wifi signals. Iowa American Water at the time at Plaintiffs dwelling on 1911 Valley Drive in Davenport Iowa placed a Iowa American Water Smartmeter in Plaintiffs home without Plaintiffs request which also operated in the electromagnetic spectrum able to send and receive signals within the spectrum. Space Explorations with NASA assistance launched the Dragon Capsule equipped with the Falcon engine

12

using signals and frequencies within the electromagnetic spectrum to launch the capsule that was the initial introduction of Plaintiffs injuries within the electromagnetic spectrum.

The admitted statement of Major Jay Yniguez in the Unclassified document that Plaintiff submitted in accordance with Federal Rules of Evidence 301 to rebut Defendants presumptions of Plaintiff being delusional and fantastical allows Plaintiff to survive a Motion to Dismiss. *Johnson* v *City of Shelby* 135 S. Ct. 346 at 347 state:

> Our decisions in *Bell Atlantic Corp.* v *Twombly* 550 U.S. 544 and *Ashcroft* v *Iqbal* 556 U.S. 662 are not in point for, they concern the *factual* allegations a complaint must contain to survive a motion to dismiss. A Plaintiff, they instruct must plead fact sufficient to show that her claim has substantive plausibility.

The technological ability to **'assume full EMS access'** which a division of the United States Department of Defense agency has stated publicly is **'not delusional or fantastical'**. This ability as shown in Active Denial Systems mounted on vehicles and drones have been publicly stated to cause the same sensations that Plaintiff has complained about. The difference with Major Jay Yniguez statement is that assuming full EMS access, also means assuming the same Electromagnetic Spectrum that defendants Products and services operate within. Furthermore the asst. United States

13

Attorney has not presented to the court that she is a military electromagnetic weapons specialist that can neither swear to the existence or non existence of such capability. HOWEVER within (Dkt. number 25 pages 16-20 filed 12/21/15) the Electromagnetic Battle Management document Plaintiff presented to the court the questions of such capability is put to rest and there is also contact information within it that asst United States attorney and any other Defendant could have contact to determine the veracity of the document and question these capabilities possible to cause the sensations plaintiff has complained about in his complaint. This should have allowed Plaintiff to survive the Motion to Dismiss based on the presumptions by Defendants that Plaintiff is delusional and fantastical and defendants claim this capability doesn't exist. To the contrary this capability does exist and can cause the painful sensations Plaintiff felt upon his person. Furthermore at *Johnson* v *City of Shelby* 135 S.Ct at 347 states:

> Petitioners stated simply, concisely, and directly events
> that, they alleged, entitled them to damages from the city.
> Having informed the city of the factual basis for their complaint
> they were required to do no more to stave off threshold dismissal
> for want of an adequate statement of their claim. See Fed. Rules
> of Civil Proc. 8 (a)(2) and (3), (d) (1), (e). ( "The Federal Rules
> effectively abolish the restrictive theory of the pleadings doctrine
> making it clear that it is necessary to set out a legal theory for
> the Plaintiffs claim for relief.")

14

The District Court should not have dismissed Plaintiffs complaint and the asst. United States Attorney even at the appellate level should be afforded or mandated the opportunity to send inquiries to the Department of Defense and NASA not just parrot a response from lawyers who are protecting corporate liability interest particularly when the Military Statement to assume Full EMS access within which commercial defendant products and services operate in appears to be causing their product and services to become defective and that has potential liability and stock market ramifications. The United States is not a commercial entity and the asst. U.S. attorney should have made the legal inquiries to the existence of such capability to the agencies being sued by Plaintiff particularly when she has not provided to the court that she has a military technology background and can swear to the existence or in accordance with her response the non existence of such capability. For this reason District Court should not have dismissed Plaintiffs complaint.

## ARGUMENT II

## DISTRICT COURT ERRONEOUSLY COSTRUED THE IOWA STATUTE OF LIMITATIONS REGARDING PERSONAL INJURY FROM

# PRODUCTS

Plaintiff has stated his injuries have been continual in nature from the very first event that took place during the NASA Space X Dragon capsule collaborated falcon engine liftoff on May 22, 2012 through Defendant product services that operate within the electromagnetic spectrum. Iowa Code 614.1 **2A. With respect to products**: is **15 years**, not the 2 years all defendant attorneys have stated. The fact that these products can be heterodyned (piggyback) by other signals allowing these product signals and magnetic fields to be accessed within the EMS is perhaps causing them to become defective which allowed Plaintiff to be injured by and through them.

None of the defendant attorneys for these commercial products and services have specified that their products design specifications allows the military or other 3rd parties to assume full access of their services within the spectrum. No attorney has yet to state that it is a willingly shared agreement within the spectrum. In fact per Iowa Code 614.1 2A states that the 15 years statute of limitations is longer:

if the seller, lessor, or distributor of the product intentionally misrepresent facts about the product or fraudulently conceals information about the product and that conduct was a substantial cause of the claimants harm

16

For these fore going reasons the District Court should not have

dismissed Plaintiffs complaint.

# ARGUMENT III

# PRIVATE DEFENDANTS BECOME STATE

# ACTORS UNDER GRIFFIN v BRECKENRIDGE

# 403 US 88

No Showing of state action is required in order to sue under 42 USC

section 1985 (3)

> if one or more persons engaged therein do, or caused to be done,
> any act in furtherance of the object of such conspiracy, whereby
> another is injured in his person or property or deprived of having
> and exercising any right or privilege of a citizen of the United States
> the party so injured or deprived may have an action for recovery of
> damages occasioned by such injury or deprivation against any one
> or more conspirators .

The ability of the Defense Department to assume FULL EMS Access

allowing defendants purchased products and services electromagnetic

frequencies to be heterodyned and that ability allows pains and shocks to

be delivered to plaintiff through these products and services shows 42 USC

section 1985 (3) has been violated as this access allows persons with access

to this technology liable under 42 USC section 1985 (3),,,,,,

> who go in disguise on the premises of Plaintiffs for purposes of depriving Plaintiff directly or indirectly Plaintiff person of the equal protection of the laws or of equal privileges and immunities under the laws for the purpose of preventing or hindering the constituted authorities of any state or territory from giving or securing to all persons within such state or territory the equal protection of the laws.

Thus 21st century EMS ability and the military assuming FULL EMS

ACCESS with defendant product services directly and indirectly allowed

Plaintiff to be assaulted through the EMS.

*Griffin* v *Breckenridge* 403 U.S. 88 at 102, 103:

> requires that one or more persons did cause to be done an act of conspiracy whereby another was injured....

An agency within the Department of Defense who's mandate is to assume

Full EMS access makes commercial defendant product services indirectly

part of a conspiracy which establishes private actor Electromagnetic

Spectrum engagement with Military Fully accessing defendant commercial

product services within the EMS engaging in joint EMS activities if so

desired to target a person to injure as was done to plaintiff. Defendants

thus become indirectly part of the conspiracy to injure plaintiff through the

18

EMS during Military and NASA EMS activities that FULLY ACCESS commercial defendants normal EMS activities.

For this reason private Defendants should be held as state actors and Plaintiffs complaint should not have been dismissed.

# ARGUMENT IV

# DISTRICT COURT ALLOWED SPACE X TO FILE A MOTION TO DISMISS OUTSIDE OF FED. RULE CIV. PROC 12(a)(1)(A)(i) & LOCAL JURISDICTIONAL RULE 5.2.l.1.

The District court allowed Space X to file a Motion to Dismiss after failure to respond to the pleadings within 21 days as mandated by Fed Rule Civ Proc. 12(a)(1)(A)(i) and Local Jurisdictional Rule 5.2.l.1.

The District Court on one hand struck from the record an amendment that Plaintiff filed that was not in accordance with local jurisdictional rule but on the other hand excused Space X failure to adhere to Fed. Rules of Civ. Proc. and Local Jurisdictional Rule. To excuse professional attorneys

19

for not following the Rules and not excuse Pro Se Plaintiff for technical rule violation is discriminatory and clearly an abuse of discretion. For these reasons Space Exploration should not have been allowed to file a Motion to Dismiss outside the Fed. Rule of Civ. Procedure and Per Fed. Rule of Civ. Proc. 8(6) that Plaintiffs allegations against Space X be admitted and Plaintiffs complaint not have been dismissed.

## ARGUMENT V

## DISTRICT COURT DENIED PLAINTFF OPPORTUNITY TO FILE A RESPONSE TO IOWA AMERICAN WATER AND RESPOND TO BLACKBERRY MOTION TO QUASH

The District Court did not allow Plaintiff a 14 day opportunity to respond to Iowa American Water Motion to dismiss or Blackberry Motion to Quash with an Affidavit from the Process server whom properly served defendant Blackberry. The District Court allowed Plaintiff the 14 day time to respond as mandated by local rule 7 e to the other Defendants Motions

20

to Dismiss but only when the asst. Attorney for the United States filed a Motion for Extension of Time on January 12, 2016 (Dkt. 48 filed 1/12/16) to respond to Plaintiffs complaint. The District Court all of a sudden did not want to allow Plaintiff the 14 day time to respond to the last 2 commercial defendants Motion to Dismiss and and only when the asst. U.S. attorney filed a motion for extension of time on January 12, 2016 the next day on January 13, 2106 (Dkt. 49 filed 1/13/16) the District Court decided to change the rules of Plaintiff responding and dismissed the Plaintiffs complaint.

The record does not reflect that the District Court had any knowledge what the asst. United States attorney response to Plaintiffs Complaint would be. Was the District Court able to read the asst. U.S. attorney future mind.? For these reasons the District Court abused its discretion and this case should be remanded back to the district court with instruction for the attorney to make the inquiries and for the district court to treat Plaintiff with the same leverage if not more liberally as professional counsel, particularly when Plaintiff has proven the Electromagnetic Spectrum is a shared space which defendant product services use and the military is assuming full access of all of it. Within that Full access of the EMS, technological ability exists and is applied and non lethal techniques to

21

cause the biological sensations Plaintiff described in his complaint through commercial defendant product services that operate within the shared EMS space. For these reasons Plaintiff complaint should not have been dismissed and district court should not have allowed Defendants to operate outside the Federal Rules of Civil Procedure.

## CONCLUSION AND RELEIF SOUGHT

For the foregoing reasons and those put forth in Plaintiffs opening brief the Judgement of The District Court should be reversed and remanded back to the District Court for discovery, deposition, and trial.

State of Iowa
County of Scott

Joni Kaasa 5/24/16

JONI KAASA
Commission Number 743556
My Comm. Exp. 10-20-18

22

# CERTIFICATE OF COMPLIANCE

# WORD LIMIT

I Plaintiff Appellant Calvin Hammock am in compliance with Fed. Rule of App. Proc. 32 (a)(7)(B)(ii) and this reply Brief to Appeal contains 4,632 words in totality.

23